JAMES L. DOCTOR

*v.*

JOSEPH J. DESMOND et al.

[Decided February 23d, 1912.]

1. To authorize personal service of process in the state on a director of a foreign corporation within General Corporation act (*2 Comp. Stat. 1910 p. 1653 § 88*), authorizing such service, the foreign corporation must have entered the state to carry on its business.

2. General Corporation act (*2 Comp. Stat. 1910 p. 1653 § 88*), authorizing personal service of process in the state on a director of a foreign corporation, does not authorize service on a director of a foreign corporation who is in the state in attendance at a stockholders' meeting of a domestic corporation to vote stock owned by the foreign corporation in the domestic corporation; no other business of the foreign corporation having been at any time transacted in the state.

Hearing on return of order to show cause why service of process should not be set aside.

*Messrs. Grey & Archer,* for the complainant.

*Mr. William T. Boyle,* for the NuBone Corset Company of New Jersey and George H. Barlow.

*Messrs. Collins & Corbin,* for the NuBone Corset Company of Pennsylvania.

LEAMING, V. C.

The single question for determination at this time is whether this court has jurisdiction over a Pennsylvania corporation in a suit pending in this court, in which service of a *subpœna ad respondendum* was made on one Barlow, who was, at the time of the service, a director and treasurer of the Pennsylvania corporation, and in this state in attendance at a stockholders' meeting of

a corporation of this state as proxy for the Pennsylvania corporation for the purpose of voting stock owned by the Pennsylvania corporation in the corporation of this state, no other business of the Pennsylvania corporation having been at any time transacted in this state.

Section 88 of our General Corporation act by its terms authorizes personal service of process in this state on a director of a foreign corporation, and on certain other persons there named as representatives of the corporation. But it is well settled that this section must be read and understood in the light of certain well-defined legal principles. In *Moulin* v. *Insurance Company, 24 N. J. Law (4 Zab.) 222, 234*, it was held that: "Where a corporation confines its business operations to the state which has chartered it, a law of another state, which sanctions the service of process upon one of its officers or members accidentally within its jurisdiction is unreasonable, and so contrary to natural justice and to the principles of international law that the courts of other states ought not to sanction it. In such a case, a president or other officer ought not to be considered as carrying his official character along with him." It is equally well settled that when a corporation transacts business in a state other than the state which has chartered it, and sends its officers or agents into such state for that purpose, it must be regarded as voluntarily subjecting itself to the liability of being brought into the courts of such state by the service of process upon such officers or agents so acting for it. *National Condensed Milk Co.* v. *Brandenburgh, 40 N. J. Law (11 Vr.) 111; Norton, Administrator, v. Berlin Iron Bridge Co., 51 N. J. Law (22 Vr.) 442; Hygea Brewing Co.* v. *Erie Railroad Co., 76 N. J. Law (47 Vr.) 261; Smallbein* v. *Erie Railroad Co., 79 N. J. Law (50 Vr.) 593; Mulhearn* v. *Press Publishing Co., 53 N. J. Law (24 Vr.) 150; Carroll* v. *New York, New Haven and Hartford Railway Co., 65 N. J. Law (36 Vr.) 124; Erie Railroad Co.* v. *Van Allen, 76 N. J. Law (47 Vr.) 119.*

The principles to be deduced from the cases above cited, as well as from similar cases in other states, may be briefly stated as follows—*first*, the foreign corporation must have entered the domestic state for the purpose of carrying on its business there;

*second,* the process must have been served upon an agent sustaining such a relation to his corporation that notice to the agent may be deemed notice to the principal, without a violation of the principles of natural justice. See *19 Cyc. 1328.*

Was the Pennsylvania corporation in question transacting its business in this state within the meaning of the principles above stated? It sent its representative here to vote its stock at a stockholders' meeting of a corporation of this state. The business to be transacted was the business of the New Jersey corporation; but that business was transacted in this state through the medium of its stockholders, one of whom was the Pennsylvania corporation; that corporation was here through its representative representing its own stock, and to that extent was engaged in transacting business in this state. But it appears to be well settled that the rule that a corporation by transacting business in a foreign state voluntarily subjects itself to the laws of that state regulating the service of process on foreign corporations has reference to the transaction of some substantial part of its ordinary business by its officers or agents selected for that purpose, and that the transaction of an isolated business act is not carrying on or doing business within the meaning of the rule. This view appears to be uniformly adopted in all of the adjudicated cases which have been brought to my attention. *Good Hope Company* v. *Railway Barb Fencing Co., 22 Fed. Rep. 685; United States* v. *American Bell Tel. Co., 29 Fed. Rep. 17; 37; Carpenter* v. *Western Air Brake Co., 32 Fed. Rep. 434; St. Louis Wire Mill Co.* v. *Cons. Barb Wire Co., 32 Fed. Rep. 802, 805; Clews* v. *Woodstock Iron Co., 44 Fed. Rep. 31; Doe* v. *Springfield Boiler Co., 104 Fed. Rep. 684, 687; Cooper Manufacturing Co.* v. *Ferguson, 113 U. S. 727; Jameson* v. *Simonds Saw Co. (California Appeals), 84 Pac. Rep. 289, 290.* In the case last cited, the language of District Judge Howley, in *Doe* v. *Springfield Boiler Manufacturing Co., supra,* is quoted with approval as follows: "Legal service of process upon a corporation which will give a court jurisdiction over it can be made only in the state where it resides by the law of its creation, or in a state in which it is actually doing business at the time of service, in the manner prescribed by the statutes of that state or of the United States. The question as to what kind of business

by a foreign corporation within a state will justify a finding that it is engaged in business therein, and validate a service upon its agent, has been very thoroughly and elaborately discussed in the circuit courts of the United States, and the general consensus of opinion is that the corporation must transact within the state some substantial part of its ordinary business by its officers or agents appointed and selected for that purpose, and that the transaction of an isolated business act is not the carrying on or doing business in a state." In *D. & H. Canal Co.* v. *Mahlenbrock, 63 N. J. Law (34 Vr.) 281,* the provisions of our Corporation act requiring foreign corporations to appoint resident agents in this state and perform certain other duties there named before transacting any business in this state, is held not to refer to a single isolated transaction. While other provisions of the act measurably control the conclusions there stated, the opinion is in harmony with the views stated in the cases above cited.

As already stated, the only question here involved is whether this court has at this time acquired jurisdiction over the foreign corporation by service of *subpœna ad respondendum.* That question must be answered in the negative.

It is unnecessary and inappropriate to here consider whether any part of the relief sought by complainant can be finally granted upon the theory that the present suit is a proceeding *in rem* or *quasi in rem,* as no proceedings have yet been taken for the purpose of acquiring jurisdiction over the foreign corporation as an absent or non-resident defendant under the rules authorizing that course in proceedings *in rem.*

The result is that an order must be advised setting aside the service of process on the foreign corporation and revoking the order for the corporation to answer the amended bill.