HENRY L. STEITZ

*v.*

OLD DOMINION COPPER MINING AND SMELTING COMPANY et al.

[Decided July 26th, 1918.]

1. A bill for rescission and an accounting for profits by a stockholder alleging fraudulent confession of judgment and transfer of its property in satisfaction thereof, and also subsequent transfers, though not making the ultimate transferee a party, will not be dismissed, especially in view of chancery rule 13.

2. Where a stockholder alleges in his bill that at a certain time he became the holder of a certain per cent. of the stock of a corporation, this is sufficient to sustain the bill. The objection that he is not such a stockholder as should be permitted to maintain such a bill is a matter of defence.

3. Where a bill alleges fraud committed by officers and directors of a corporation against its stockholders, it does not involve investigation into the affairs and relations of a foreign corporation at the suit of a non-resident as to property without the state.

4. The allegations of the bill in this case—*Held*, to show sufficient reason for suit by a stockholder instead of by the corporation.

5. Such allegations also *held* to be sufficient to eliminate the charge of laches, notwithstanding long delay.

6. That a defendant obviously having knowledge of some of the facts may not have knowledge of all of the facts of which the bill seeks discovery, is not good ground for dismissing the bill.

7. It is no ground for the dismissal of a bill that the court would not appoint a receiver as prayed, that being only a part of the relief prayed for.

On motion to dismiss bill of complaint.

*Mr. Carlyle Garrison,* for the complainant.

*Messrs. Collins & Corbin* and *Messrs. Dunbar, Nutter & Mc-Clennen* (of the Massachusetts bar), for the defendant Old Dominion Copper Mining and Smelting Company.

LEWIS, V. C.

The complainant in his bill states that in 1913 he became the holder of the stock of the Old Dominion Copper Mining Company of New York, to the extent of about two per cent. This corporation apparently never did any business in New Jersey and never owned any property therein, and its organization was abandoned in 1889.

He alleges that this corporation was organized in 1880 and owned property in Arizona, and that in 1884 the company confessed judgment in favor of the copartnership of Cope, Cole & Company of the State of Maryland, and that the claim on which the judgment was confessed had previously been paid in part and was without consideration, and that members of this partnership were directors of said New York company and concealed from the other directors this confession of judgment.

He alleges that later in 1884, pursuant to the alleged consent of more than two-thirds in number and amount of the stockholders in the New York company, a mortgage was given and filed of record covering all the property of the New York company.

He alleges that in 1886 all the property was sold to William Keyser, a partner in Cope, Cole & Company, to satisfy said confessed judgment.

He alleges that in 1888 Keyser conveyed this property to the Old Dominion Copper Company of Baltimore, a Maryland corporation.

He alleges that in 1895 the property was purchased by Leonard Lewisohn, of New York, and Albert S. Bigelow, of Boston, Massachusetts, on behalf of the defendant Old Dominion Copper Mining and Smelting Company, a corporation organized under the laws of New Jersey, but owning no property in this state.

He charges that the Maryland corporation and the New Jersey corporation took with knowledge of the earlier transaction.

He alleges that the directors of the New Jersey corporation have passed a resolution by which they have authorized and directed that all of the property of the corporation be sold and transferred to the Old Dominion Company, a corporation organized in Maine, and that a meeting of the stockholders of the New Jersey corporation has been called to be held in Jersey City March 15th, 1917, to act on this resolution of the directors.

The amended bill of complaint was filed in June, 1917, and does not negative the inference that the stockholders of the New Jersey corporation did vote to ratify the conveyance authorized by the directors, and the allegations of the bill do not negative the fact that the conveyance by the New Jersey company to the Maine company was made and executed, and the consideration for it paid and distributed to stockholders of the New Jersey company before the original bill of complaint was filed.

The bill of complaint does not allege that the complainant acquired his stock by operation of law, or that he paid any consideration therefor, but, at the suggestion of the court, made on the oral argument, counsel for complainant has annexed to his brief, for the purpose of amending the bill, that the complainant entered the employ of one John Leighton, of New York City, who was interested in various enterprises at the time, in the early part of the year 1901; that he subsequently became actively associated in the business affairs of said Leighton, acting as his secretary and in a general confidential capacity up to the time of the death of said Leighton; that said Leighton, in the later years of his life, lost most of his money so that he could not pay com-

plainant herein for services rendered, and in the year 1913 Leighton transferred to complainant the stock which the complainant now holds, as consideration in part for services heretofore rendered. Twenty-four years had, therefore, elapsed after the organization of the New York corporation was abandoned; and twenty-nine years after the confession of judgment in 1884, which is claimed to be fraudulent, and the basis of the sale made in 1886, twenty-seven years before the complainant became a stockholder.

The bill purports to make defendants the New York corporation, the Maryland corporation, the New Jersey corporation and certain individuals, all non-residents of New Jersey, claimed to be participants in the original transaction. It does not purport to make the Maine corporation a defendant.

The bill prays a discovery from all the respondents as to the original transaction, and as to the property which was the subject of that transaction in which, on the allegations of the bill, many of the respondents took no part.

The bill seeks a rescission of that transaction, or an accounting of the resultant profits.

Counsel for the defendant "Old Dominion Copper Mining and Smelting Company" ask that the bill be dismissed for the following reasons:

*First.* There is a fatal absence of indispensable parties defendant.

*Second.* The complainant does not show himself to be such a stockholder as should be permitted to maintain such a bill of complaint.

*Third.* This court should not undertake an investigation of this kind into the affairs and relations of foreign corporations at the suit of a non-resident as to property not within the state.

*Fourth.* There has been no sufficient effort to have the New York corporation sue for the wrong, if any, done to it, and no sufficient excuse for not making that effort.

*Fifth.* The delay of over twenty-five years by the New York corporation and by its officers, directors and stockholders has not been sufficiently excused or accounted for.

*Sixth.* The discovery sought from the New Jersey corporation is of matters occurring before it was organized and in which it took no part.

*Seventh.* No sufficient ground is alleged on which to base an appointment of a receiver of the New York corporation by a New Jersey court.

The matter is to be determined, of course, upon the allegations in the bill.

As to the first objection: Upon the circumstances alleged in the bill I do not find a fatal absence of indispensable parties, especially in view of chancery rule 13. See, also, *Wilson* v. *Am. Palace Car Co., 64 N. J. Eq. 534; 65 N. J. Eq. 730; 67 N. J. Eq. 262.*

As to the second objection: It sufficiently appears on the face of the bill that complainant is a stockholder. The defendants' objections are matters of defence.

As to the third objection: I can see no merit in it. The matters involved in the bill are not internal affairs of a corporation, but are matters based on allegations of fraud committed by officers and directors of a corporation against the stockholders thereof.

As to the fourth objection: The allegations of the bill, if true (and on this motion they must be assumed to be true), show sufficient reason for suit by a stockholder instead of the corporation itself.

As to the fifth objection: The allegations of the bill are sufficient on the face thereof to eliminate the charge of laches, which might, perhaps, otherwise be inferred from the long delay.

As to the sixth objection: Obviously, the defendant must have within its knowledge, possession or control some of the facts of which discovery is sought, as specified in the complainant's bill. The fact that it may not have knowledge or possession of all the information of which discovery is sought by complainant in his bill is, of course, no ground for dismissal of the bill.

As to the seventh objection: The appointment of a receiver is only one portion of the relief prayed for by complainant. Even assuming that this court would not appoint the receiver as prayed for, that in itself is no ground for dismissal of the bill.

The only application before me is for the dismissal of the bill, and, in my opinion, the allegations set forth in the bill are sufficient to maintain it upon this motion.

I will, therefore, advise an order denying the motion and directing under chancery rule 67 that it stand over until the hearing.