Complainant, a corporation of the State of New York, brings this suit against defendant, a corporation of the same state, the basis of which is a written contract between the parties executed in the State of New York. The complainant's *Page 313 
prayers for relief are (a) decree for specific performance of the contract by defendant; (b) restraint against defendant from violating certain terms of the contract; (c) discovery of books, documents and records in defendant's possession or control relating to the matters in controversy, and accounting for profits received by defendant from the manufacture, sale and distribution of materials and products embraced in the terms of the contract.
Both parties are licensed to do business in this state and service of process was duly made on defendant, which now appears specially on a motion to strike the bill and to quash thesubpoena ad respondendum and service thereof. Several grounds are stated in the notice of motion, which are argued in defendant's brief under the following heads or points:
(1) The Court of Chancery refuses to entertain jurisdiction of transactions between citizens of another state or of causes of action arising in the other state, the courts of which other state afford adequate relief, unless there is a special reason therefor.
(2) The right to serve process on the registered agent of a foreign corporation doing business in this state exists only with respect to acts which arose out of the transaction of business in this state; and the statute has no reference to any other character of liability as to foreign corporations.
This court has jurisdiction of a suit between non-residents of this state even if the cause of action arose in another state. Whether jurisdiction will be exercised is within the discretion of the court, the exercise of which discretion depends on the facts and circumstances present in each particular case. Unless a compelling reason appears that the parties should be relegated to the courts of their domicile, discretion in all transitory actions is usually exercised, especially in actions arising out of contracts, in favor of retaining jurisdiction; it is also so exercised in tort actions. Doctor v. Desmond, 80 N.J. Eq. 77;Steitz v. Old Dominion, c., Co., 89 N.J. Eq. 265; StandardSurety and Casualty Co. v. Caravel Industries Corp., 128 N.J. Eq. 104; Baumann v. Hamburg-American Packet Co.,67 N.J. Law 250; Kopenhafer v. Pennsylvania Railroad Co., 106 N.J. Law 530;Kantakevich *Page 314 
v. Delaware, Lackawanna and Western Railroad Co., 18 N.J. Mis.R. 77; Anderson v. Delaware, Lackawanna and Western RailroadCo., 18 N.J. Mis. R. 153; see notes, 87 A.L.R. 1425.
The defendant filed affidavits by its president and vice-president stating that by the terms of the contract no act is required to be done in this state by either party thereto and any transactions between the parties were had in New York and not elsewhere; that defendant has a manufacturing plant in this state; that the only witnesses who can be called upon to testify with respect to transactions between the parties (presumably on behalf of defendant) are its president, who resides in Westchester County, New York, and its vice-president, whose residence is in Ulster County, New York, but who temporarily resides in Nassau County, New York; that all of defendant's records relating to the subject-matter of the suit and to complainant's prayers for discovery and accounting, are maintained at defendant's principal place of business in New York and that it believes complainant's books and papers are also kept at its principal place of business in New York; that the courts of New York have full and complete jurisdiction of the subject-matter of the suit and of the parties, and that the purpose of bringing this litigation in this state is to subject defendant to hardship, expense, inconvenience and difficulties, which could be avoided without any special hardship to complainant if suit were brought in the State of New York; that defense of the cause will require transportation of defendant's voluminous records, the retention of counsel in this state, accountants and bookkeepers and conferences outside of defendant's place of business in New York and perhaps bringing of counsel from New York to testify concerning the effect, enforcement and validity of the contract sued on.
In several of the cases above cited, similar reasons were urged on the court and were regarded as insufficient grounds for declining to assume jurisdiction of the causes of action therein involved. Both complainant and defendant are actually engaged in the manufacturing business in this state with rights and liabilities defined by our statutes, and were *Page 315 
probably so engaged at the time the contract sued on was entered into. When defendant obtained a license to engage in business in this state and established a manufacturing plant here and had business relations with the complainant, defendant voluntarily subjected itself to the liability of being sued in the courts of this state (Doctor v. Desmond, supra) and to all the hardship and inconveniences which usually attend trial in any court of a law suit of importance, such as this suit appears to be. I conclude that defendant has not presented sufficient grounds to move this court to decline to assume jurisdiction of the cause.
I find no merit in the second ground on which defendant's motion is argued. The defendant is in this state and doing business herein by virtue of R.S. 14:15-1. As a condition for that privilege it was required by that statute to designate the location of its principal office in the state and to name an agent upon whom process against it might be served. Compliance with the statutory condition is not to be construed as defendant's consent to be sued in our court only in particular causes of action, but as a prerequisite required of it that, for the privilege of coming within our borders and doing business herein, it should submit itself to our courts in all causes of action over which our courts assume jurisdiction. The legislature had the power to enact such legislation and to provide for service of process on defendant by the method set out in R.S.2:26-44. Nothing can be found in the statutes to which I have referred, either by word or reasonable inference, that when a foreign corporation has been brought into court by the prescribed method, the court's judicial discretion to entertain a cause of action against it can be exercised only in such causes as arise out of transactions in which the corporation engaged in this state.
 The defendant's motion is denied. *Page 316