LORENZO VIGIL et al., Plaintiffs, *v.* CAYUGA CONSTRUCTION CORPORATION, Defendant.

City Court of the City of New York, Special Term, New York County, March 7, 1945, opinion amended March 15, 1945.

*John F. X. McGohey, United States Attorney for Southern District of New York (R. Lewis Townsend* of counsel), for defendant.

*Thomas J. Todarelli* and *Charles A. Loreto* for plaintiffs.

COLEMAN, J. Over a thousand plaintiffs, former employees of the defendant, join in one action to recover additional wages each one says is due him from the defendant. The defendant is a domestic corporation; under contract with the United States it was constructing a United States Army Air Base in Cuba. All of the work of the plaintiffs was done in Cuba and the plaintiffs rely upon certain provisions of the Cuban Constitution as the basis for recovery. The total amount of all claims is nearly one and a half million dollars; the claim of each plaintiff is set forth separately as a separate cause of action, and only one plaintiff, Crespo, (cause of action numbered 658) asks for more than $3,000, the limit of jurisdiction of the court.

The defendant moves to dismiss the complaint upon the grounds: " (1) that this Court has no jurisdiction in that the amount for which the plaintiff demands judgment is in excess of this Court's monetary jurisdiction as provided in Section 16, sub-division 1 of the New York City Court Act, and (2) that the relief sought in the complaint improperly and contrary to the laws and practices of the Courts of the State of New York requires the determination by this Court of the rights of Nationals of the Republic of Cuba arising out of circumstances occurring solely within the territorial limits of the Republic of Cuba, and solely by the virtue of the alleged applicability thereto of the Constitution and Laws of the Republic of Cuba.''

As to the first ground of the motion, plainly it is without merit. Claims in one action totaling more than $3,000 against a defendant by more than one plaintiff so long as no one plaintiff demands more than that amount, are not outside the court's jurisdiction, and but for the fact that one of the plaintiffs is asking for $3,072.76 there would be no question of the court's jurisdiction. (*Spetler* v. *Jogel Realty Co., Inc.,* 224 App. Div. 612; cf. *Dobrikin* v. *Union Railway Co.,* 130 Misc. 796.)

Does the inclusion of Crespo's claim in the complaint deprive the court of jurisdiction of the action in its entirety? This point was not presented by the notice of motion but the defendant now argues it. The Crespo claim, it says, infects the entire complaint and makes it impossible for the court to consider it. Yet the very fact that many causes of action may be joined in a single complaint where the total demand for all plaintiffs

exceeds $3,000 should be sufficient to answer the point the defendant now raises. As a matter of convenience, convenience to defendants as well as to the plaintiffs, more than one plaintiff may sue, each for himself, in one case (Civ. Prac. Act, § 209). But each cause of action separately pleaded as though it were embodied in a separate complaint stands or falls by itself and must be considered as a unit. If this were not so, if by joining in one action all plaintiffs affirmed their solidarity with one another and affirmed their joint interests in the total amount recovered, this court could not entertain their joint actions. This as we have seen is not so.

But, says the defendant, this is not a proper case for all plaintiffs to join; section 209 does not authorize joinder here. It is hard to see why as a matter of procedure employees cannot join in one action against a former employer to recover wages (cf. *Chiba* v. *Kurutz*, 263 App. Div. 33). Section 209 is a remedial one to facilitate the progress of litigation by permitting all persons whose claims involve any common question of law or of fact where there is one transaction or a series of transactions to join in one action (*Akely* v. *Kinnicutt*, 238 N. Y. 466). Certainly the scope and applicability of Cuban law is a question common to all causes of action; it lies at the very basis of the litigation; and the period of employment for all plaintiffs substantially is concurrent.

Even if the defendant is right about the inapplicability of section 209, that fact would not change the nature of the complaint. It would not convert the action into a single cause of action for the joint benefit of all plaintiffs. The defendant might obtain an order against joinder, but no more. It confuses jurisdiction of the court with a procedural statute permitting many plaintiffs to join in one case. Section 209, for example, would not prevent a defendant from removing to a Federal court those causes of action in a complaint which involve controversies between citizens of different States (*Young* v. *Southern Pac. Co.*, 15 F. 2d 280), indicating again that each cause of action here must be considered a unit.

The question of jurisdiction here is similar to that which has come before the court frequently in recent years in actions under the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 201 *et seq.*) There, by virtue of the provisions of the statute, to be sure, any number of employees may join in one action for overtime wages. The total amount often exceeds $3,000, yet each employee's case is considered separately. There may be different periods of employment, there may be different wage

scales, some employees may not be entitled to the benefits of the statute, but all the causes of action are tried together in one case for the convenience of the court and the litigants.

A similar question from the standpoint of appellate jurisdiction was involved in *Oliver et al.* v. *Alexander et al.* (6 Pet. [U. S.] 143). Seventy-eight members of a crew joined in one libel to recover wages. The jurisdiction of the United States Supreme Court on appeal from the Circuit Courts at the time in question extended only to cases involving more than $2,000. No one claim of a seaman equalled that amount, although the total was far beyond it. The court held that it had no jurisdiction to hear the shipowner's appeal as the claim of each seaman for jurisdictional purposes was separate and distinct from the claims of the others. "Each is to stand or fall by the merits of his own claim, and is unaffected by those of his co-libellants. The defense, which is good against one seaman, may be wholly inapplicable to another. One may have been paid; another may not have performed the service; and another may have forfeited in whole or in part his claim to wages." (P. 146.) (Cf. *The "Connemara"*, 103 U. S. 754; *Miller* v. *National City Bank of New York*, 147 F. 2d 798.)

On the second point, it is difficult to follow the defendant's reasoning. The defendant is a domestic corporation and so subject to suit at the instance of any plaintiff upon any cause of action, no matter where arising, to the same extent that a resident would be. (N. Y. Const., art. X, § 4.) The fact that Cuban citizens are the plaintiffs, that the causes of action arose there and the rights of the parties are to be determined by reference to the Constitution and laws of Cuba cannot affect the jurisdiction of the court. The suggestion by the defendant that adjudication here of the rights of the plaintiffs might "result in an application of Cuban laws by the Court in a manner contrary to that applied by the Courts of Cuba" is no ground for declining jurisdiction. The plea of *forum non conveniens* cannot be presented by a resident of the forum, as the defendant, by hypothesis is. A different situation might arise if the prescribed methods of applying the Cuban law in this case were so dissimilar from our own methods that it would be highly inconvenient or impracticable for us to apply them or, if the machinery prescribed by Cuban law to which we should have to defer is so complicated that our courts cannot manage it. (*Loucks* v. *Standard Oil Co.*, 224 N. Y. 99; *Slater* v. *Mexican National R. R. Co.*, 194 U. S. 120; cf. *Reilly* v. *Steinhart*, 217 N. Y. 549.) In the *Slater* case (*supra*) application of a Mexican

death statute would have required continuing supervision over periodic payments with the power to modify, similar to the supervision over decrees for alimony, and, I add, to that now exercised by tribunals enforcing workmen's compensation laws; and the court thought that the machinery of a common-law court was inadequate to enforce rights under the Mexican statute. But this case " is not one where special remedies established by the foreign law are incapable of adequate enforcement except in the home tribunals " (*Loucks* v. *Standard Oil Co., supra,* p. 112). The complaint asks only for money judgments for wages due and we merely look to Cuban law instead of to our own to determine whether the plaintiffs are entitled to the wages.

The defendant's motion to dismiss the complaint is denied except as to the cause of action of the plaintiff Crespo; the motion is granted as to him. The motion to discontinue the Crespo cause of action made in his behalf is denied. There is no jurisdiction over it and the court has no power to permit its discontinuance.

Settle order.