**NAUGHTON v. PENNSYLVANIA R. CO.**
**and nine other cases.**

Civ. Nos. 6472, 6733, 6845, 8026, 8032, 8247, 8250, 8469, 8473, 8635.

United States District Court
E. D. Pennsylvania.

July 27, 1949.

762

Joseph S. Lord, III, Richter, Lord & Farage, Philadelphia, Pa., for plaintiffs.

H. Francis DeLone, Philadelphia, Pa., for defendant.

KIRKPATRICK, Chief Judge.

These are ten actions under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. all against the same defendant, the Pennsylvania Railroad Company, and all instituted and now pending in the Eastern District of Pennsylvania. The defendant has moved, under Section 1404(a) of the Judicial Code, 28 U.S.C.A., to have nine of them transferred to the Western District of Pennsylvania and one (Naughton) to the Middle District.

Except for the Naughton case, all the accidents involved in these suits occurred in the Western District of Pennsylvania—four at Altoona, four in Pittsburgh or the Pittsburgh area and one about 100 miles from Pittsburgh.

One of the Pittsburgh cases (McClafferty) may be selected as typical. Incidentally, it is probably the most favorable one to the defendant. The distance from Pittsburgh to Philadelphia is 347.9 miles (seven hours) by the defendant's railroad. The defendant has interviewed and expects to call seven witnesses to the facts of the accident and one medical witness who attended the plaintiff after his injury. All these witnesses reside in Pittsburgh. Plaintiffs' counsel in his brief states that in all the cases the plaintiffs have been treated over periods of time by physicians and in hospitals in Philadelphia—a statement accepted by the defendant as correct.

Other more or less relevant facts are: (1) The defendant is a Pennsylvania corporation. Its main office, including the headquarters of its general counsel and legal department, is in Philadelphia. (2) Pennsylvania not having an integrated bar, if these cases were to be tried in Pittsburgh new counsel would have to be engaged and briefed. (3) By reason of the heavy case-load in the Eastern District of Pennsylvania the suits would, in all likelihood, be reached for trial sooner in Pittsburgh than in Philadelphia. (4) In all the cases the plaintiffs have filed petitions for leave to proceed in forma pauperis.

Prior to the new Judicial Code, Section 6 of the Federal Employers' Liability Act, 45 U.S.C.A. § 56, secured to an injured employee the privilege of bringing his action in any district in which the railroad was doing business, regardless of cost or inconvenience to the defendant. The Supreme Court in Ex parte Collett, 69 S.Ct. 944, 945, 959, 337 U.S. 55, summed it up by saying "Prior to the current revision of Title 28 of the United States Code, forum non conveniens was not available in Federal Employers' Liability Act suits" and, after reciting Section 1404(a) and the reviser's notes, said, "The precise issue before us is whether, despite these expressions, the law remains unchanged."

The Court proceeded to rule that Section 1404(a) had changed the law and sustained the action of the District Court for the Eastern District of Illinois in transferring a suit from that District to the Eastern District of Kentucky, on findings that "all 35 witnesses and the petitioner himself live in Irvine, Kentucky, which also was the scene of the accident; that Irvine is 420 miles, 'approximately twenty-four hours * * * by public transportation,' from East St. Louis, where the court below sits, but only 26 miles from Richmond and 48 from Lexington, in which two cities the District Court for the Eastern District of Kentucky sits * * * that jury schedules at both Richmond and Lexington made early trial possible."

The net result of the facts in the typical case selected by the Court is this: So far as the witnesses are concerned, it would be more convenient to try the case in Pittsburgh. So far as the parties are concerned, there seems to be no reason not to take them at their word, which means that it would be more convenient for the defendant to try the case in Pittsburgh and for the plaintiff to try it in Philadelphia. To the extent that it is "in the interest of justice" to try a case where most of the witnesses are within the reach of subpoena

and in a court where it is likely to be tried sooner, it would be better to try it in Pittsburgh. Do these considerations require this Court, in the discretion given it by Section 1404(a), to transfer the case to the Western District, having in mind the plaintiffs' choice of this District?

The answer, it seems to me, depends upon whether Congress intended the power, conferred by Section 1404(a), to transfer (rather than dismiss) cases to be exercised without regard to the doctrine forum non conveniens or whether the limitations of that doctrine on the Court's discretion were meant to remain. I say this, because the mere balancing of convenience in the present cases would probably influence me to transfer them, whereas if my discretion must be exercised within the limits of forum non conveniens I cannot do so.

■ The doctrine forum non conveniens requires the moving party to show a great deal more than merely that it would be more convenient to try the case in a different jurisdiction. In Williams v. Green Bay & W. R. Co., 326 U.S. 549, 554, 66 S.Ct. 284, 287, 90 L.Ed. 311, the Court "to put the rule of forum non conveniens in proper perspective" said, "It was designed as an 'instrument of justice.' Maintenance of a suit away from the domicile of the defendant—whether he be a corporation or an individual—might be vexatious or oppressive." And further, in a footnote, quoting from Gibb, International Law of Jurisdiction, " 'the court will not hold its hand unless there be, in the circumstances of the case, such hardship on the party setting up the plea as would amount to vexatiousness or oppression if the court persisted in exercising jurisdiction. The inconvenience, then, must amount to actual hardship, and this must be regarded as a condition sine qua non of success in putting forward a defence of forum non conveniens. For the general rule is that a court possessing jurisdiction must exercise it unless the reasons to the contrary are clear and cogent.' " In Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 507, 67 S.Ct. 839, 842, 91 L.Ed. 1055, the Court said "A plaintiff sometimes is under temptation to resort to a strategy of forcing the trial at a most inconvenient place for an adversary, even at some inconvenience to himself.", and added, "But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."

A number of courts have even refused to consider applying the doctrine at all in a case where suit is brought in the domiciliary state of a defendant corporation and in the district in which its principal office is located. See Vigil v. Cayuga Construction Corporation, 185 Misc. 675, 54 N.Y.S. 2d 94; Quigley Co. v. Asbestos Limited, 134 N.J.Eq.312, 35 A.2d 432 (a case where the defendant was sued where it had its main place of business, though it was not incorporated in that state). See also Erving v. Chicago & N. W. Ry. Co., 171 Minn. 87, 214 N.W. 12. It is unnecessary to go so far in the present case, but the fact that the defendant has been sued in the state of its incorporation and in the district and city where its main office and legal department is located is certainly a very important consideration when it comes to the question whether it is being seriously inconvenienced, annoyed or harassed.

In the cases now before the Court the matter of transportation of witnesses can furnish no great problem to the defendant. Its main line runs from Pittsburgh to Philadelphia, passing through Altoona. From Pittsburgh it is a matter of seven hours. From Altoona the trip to Philadelphia is only about one hour and forty minutes less than that to Pittsburgh. From Cresson (where the accident in one case occurred) the difference is about two hours. Accepting the plaintiffs' statement that their medical witnesses are busy doctors practicing in Philadelphia, their transportation to Pittsburgh or Altoona and insuring their presence there as witnesses would present very real difficulties.

■ It is my opinion that, whatever inconvenience may result to the defendant from trying these cases in Philadelphia, it is not so great as to allow the Court, under the well established limitations of the doctrine forum non conveniens, to transfer the cases to Pittsburgh; nor do I think that the interests of justice imperatively require it if balanced against the impor-

764

tance of allowing the plaintiff freedom of choice among forums of unquestioned venue. After all, Section 6 of the Federal Employers' Liability Act was designed to give the injured employee a wide choice of forum in which to bring his action. It has not been repealed and the underlying policy remains and should be carried out whenever possible unless serious inconvenience or injustice to the defendant will result. The view contended for by the defendant would come close to making Section 1404(a) a venue statute, under which the court, after striking a nice balance of conveniences, would be bound to limit the plaintiff to a single jurisdiction. If that had been the purpose, the statute would have directed the courts to make transfers to the most convenient jurisdiction—a very different question from that involved in the doctrine of forum non conveniens.

■ These, I think, are the principles which must guide my discretion. I have very little doubt that it was the intent of Congress to do more than permit the transfer of cases which otherwise, under the doctrine forum non conveniens, would have been dismissed and that it was not intended to abolish or extend the boundaries within which the Court's discretion to refuse jurisdiction could be exercised. In Ex parte Collett, supra, the Court pointed out that when Section 1404(a) first appeared in the Second Draft of the Code adopted May, 1945, it was accompanied by a reviser's note which recited that "'Subsection (a) is new. It was drafted in accordance with a memorandum of Mar. 7, 1945, from the author of Moore's Federal Practice, stating that recognition should be given the doctrine of forum non conveniens' * * * And the reviser's notes were before the Congress at every subsequent legislative step." The Court said, "From the start, § 1404(a) remained the same, and the reference in the note to a Federal Employers' Liability Act case as showing the need for permitting the application of forum non conveniens remained unchanged." In United States v. National City Lines, Inc., 337 U.S. 78, 69 S.Ct. 955, 956, 959, an opinion handed down on the same day as the Collett case, supra, the

Court referred to "Ex parte Collett, 337 U.S. 55, 69 S.Ct. 944, 959, and Kilpatrick v. Texas & Pacific R. Co., 337 U.S. 75, 69 S.Ct. 953, 959, in which we held that actions under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., were now subject to the doctrine of forum non conveniens."

■ Besides, although it is quite true that the new Judicial Code was a revision as well as a codification and that it made some important changes in the law, it is also true that it was not thought to be desirable nor intended to make sweeping changes. In committing to the courts discretion to transfer cases, it is more in harmony with the expressed purpose of the framers of the Code to have that discretion controlled by well recognized principles than to unsettle the whole law on the subject and leave it wide open for the courts to evolve entirely new rules.

The motions to transfer are denied.