## BURNS v. ADAM.

Civ. A. No. 15050.

United States District Court
E. D. Pennsylvania.

July 17, 1953.

Richter, Lord & Farage, Philadelphia, Pa., for plaintiff.

Robert A. Detweiler, Philadelphia, Pa., for defendant.

FOLLMER, District Judge.

Plaintiff, a citizen of New Jersey, was appointed by the Court of Berks County, Pennsylvania, administratrix of the estate of a deceased minor, Luther R. Oswald, Jr., and filed suit in the United States District Court for the Eastern District of Pennsylvania, in which district Berks County is located. The accident, which is the basis of the suit, occurred in Topton, Berks County, Pennsylvania. The defendant is a resident and citizen of Kutztown, Berks County, Pennsylvania. We may also, for the purpose of this motion, accept defendant's statement that the deceased minor, at the time of the accident and his death, was living with his parents, brothers and sisters in Berks County, Pennsylvania.

Defendant moves to dismiss the complaint for improper venue. Defendant's contention is that the plaintiff, a citizen of New Jersey, who was appointed administratrix by the Court in Berks County, Pennsylvania, obtained such appointment solely for the purpose of creating diversity of citizenship in order that suit might be brought in this Court, that such artifice will cause inconvenience to defendant in requiring him and his witnesses to travel approximately eighty miles to defend this action, although all parties in interest except such administratrix live in Berks County, Pennsylvania, and that therefore, under the doctrine of forum non conveniens, this Court should dismiss the action and compel the parties to seek their remedy in the state court in Berks County, Pennsylvania.

356

 The Court of Appeals of this Circuit in Jaffe v. Philadelphia & Western R. Co., 180 F.2d 1010, has set at rest any doubt that on the foregoing facts valid diversity of citizenship exists between the parties and that this Court has jurisdiction. With the defendant domiciled in this district and the accident which is the basis of this action having occurred in this district, there can be no doubt as to venue. In fact, there is nothing to indicate any other district where service could be had upon defendant and the action instituted. The mere fact that a defendant and his witnesses may be required to travel eighty miles within the district is no basis for invoking the doctrine of forum non conveniens. There are but few cases in a federal court where some of the parties do not reside at some place within the district other than the place of holding court within the district. The doctrine of forum non conveniens does not contemplate a denial of plaintiff's right to bring her action in the federal court and relegate her to an action in a state court in a county within the district.[1]

The change of venue statute, 28 U. S.C. § 1404(a) provides that "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." This provides for transfer to another district. In the present case there is no other more suitable district, nor does defendant seek a transfer out of the district. On the contrary, he is asking this Court under the doctrine of forum non conveniens, beyond the provisions of the statute, to refuse to exercise its jurisdiction, dismiss the action and limit the plaintiff to an action in a state court in a county within the district. Whether or not Section 1404(a) is a statutory codification of the principle of forum non conveniens which limits the trial court to a transfer of the cause and prevents dis-

missal need not, under the circumstances of this case, be considered.[2]

Defendant's motion to dismiss must be denied.

---

1. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055; Koster v. (American) Lumbermens Mutual Casualty Co., 330 U.S. 518, 67 S.Ct. 828, 91 L. Ed. 1067; Naughton v. Pennsylvania R. Co., D.C.E.D.Pa., 85 F.Supp. 761.

2. Cf. All States Freight, Inc., v. Modarelli, 3 Cir., 196 F.2d 1010; Headrick v. Atchison, T. & S. F. Ry. Co., 10 Cir., 182 F.2d 305.