**Billy C. LEGG, Plaintiff,**

v.

**PITTSBURGH & LAKE ERIE CO., a corporation, Defendant.**

**Herman S. BONAN, Plaintiff,**

v.

**PITTSBURGH & LAKE ERIE CO., a corporation, Defendant.**

**Civ. A. Nos. 60-491, 60-494.**

United States District Court
W. D. Pennsylvania.
Sept. 16, 1960.

McArdle, Harrington & McLaughlin, Pittsburgh, Pa., for plaintiffs.

Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This is defendant's motion for change of venue of the above Federal Employer Liability Actions from the Western District of Pennsylvania to the Northern District of Ohio, Eastern Division, based upon the doctrine of Forum Non Conveniens, 28 U.S.C.A. § 1404(a).

The accidents occurred in the yards of the railroad at Struthers, Ohio, which is a suburb of Youngstown, Ohio, and it is contended that since most of the witnesses reside in the vicinity of Youngstown, Ohio, the suits should be transferred to the United States District Court for the Northern District of Ohio, Eastern Division, which on occasion sits at Youngstown, Ohio.

On the other hand, plaintiff's counsel and examining physician maintain offices in Pittsburgh, which is sixty-four miles from Youngstown, Ohio.

Thus the following question is posed:

Where a railroad employee sustains an injury sixty-four miles distant from the forum which he has chosen to file suit, which forum is also situs of his counsel and examining physician, should said employee be required to file suit in the jurisdiction where the accident occurred.

In order to invoke the doctrine of Forum Non Conveniens the moving party is required to show more than a limited degree of added convenience in trying the case in a different jurisdiction. Naughton v. Pennsylvania Railroad Company, D.C., 85 F.Supp. 761. The circumstances of the case must establish such hardship on the parties setting up the plea as would amount to vexatiousness or oppression if the court persisted in exercising jurisdiction. Williams v. Green Bay & Western R. Co., 326 U.S. 549, 66 S.Ct. 284, 90 L.Ed. 311. Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should be rarely disturbed, Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 67 S. Ct. 839, 91 L.Ed. 1055.

Recognizing that all witnesses to these actions are within the subpoena jurisdiction of this court, and that a substantial percentage of jurors who serve in this court are drawn from environs which equal and frequently exceed distances involved in these proceedings, and further conscious of the flexibility and speed of modern transportation, I find no justification to deprive plaintiffs of their chosen forum.

An appropriate order is entered.