## HEALY v. NEW YORK, NEW HAVEN & HARTFORD R. CO. et al.

United States District Court
S. D. New York.

Aug 2, 1949.

Rehearing Denied Sept. 26, 1949.

O'Neill, Higgins & Latto, New York City, Thomas J. O'Neill, John V. Higgins and Roland J. Tellier, New York City, of counsel, for plaintiff.

Edward R. Brumley, New York City, R. M. Peet, New York City, of counsel, for defendant New York, New Haven & Hartford R.R. Co.

Desmond T. Barry, New York City, G. Hunter Merritt, New York City, of counsel, for defendant The American Thread Co.

RYAN, District Judge.

Both defendants move pursuant to Section 1404(a), 28 U.S.C.A. to transfer this suit to the United States District Court for the District of Connecticut.

Jurisdiction over the Railroad Company is based on the Safety Appliance Act, 45 U.S.C.A. § 1, and the Federal Employers' Liability Act, 45 U.S.C.A. § 51 *et seq.;* jurisdiction over The American Thread Company upon diverse citizenship.

Plaintiff, a resident of Connecticut, was in the employ of the defendant railroad. On January 2, 1947 while at work in Willimantic, Conn., his legs were crushed between a freight car and a building when the car jumped the track. The track, a siding adjacent to the loading platform of The American Thread Company mill was "owned, operated, maintained and controlled" by the railroad. Plaintiff's injury, it is alleged was caused by defendants' negligence.

The railroad has asserted two cross-claims against The American Thread Company, and it in turn has asserted a cross-claim against the railroad.

The New York, New Haven & Hartford Railroad Company is incorporated under the laws of the States of Massachusetts, Rhode Island and Connecticut and is authorized to do business in New York. It, expects to call more than fourteen witnesses all residents of either Willimantic or Hartford, Conn. Some of these are employees of defendant railroad and others are not.

The American Thread Company is a New Jersey corporation authorized to do business in New York. It operates a large mill at Willimantic, Conn., the place of the accident. At trial this defendant expects that it will be necessary for it to produce at least twelve witnesses, employees of defendant and all residents of Connecticut.

It is stated in the affidavits submitted on this motion that both defendants will have to transport these witnesses and keep some of them here for the duration of the trial, whereas if the trial were had in Connecticut these witnesses could be easily reached by telephone at their place of employment, thus alleviating a substantial burden on defendants. Both anticipate nor is it contradicted that the trial will take at least five days.

Since plaintiff has not submitted proof of the identity and residence of the witnesses he intends to call it is fair to assume that they will be his fellow employees and residents of Connecticut.

If the case were transferred to Connecticut it would probably be reached for trial before January, 1950. If retained here it would be reached no sooner, probably later.

While defendants might have moved sooner for the relief now sought, there was a conflict of opinion as to the applicability of Section 1404 to claims of this nature, until Ex parte Collett, 337 U.S. 55, 69 S.Ct. 944, 959, was decided by the Supreme Court,

on May 31, 1949. The motions are timely made.

The convenience of the parties and witnesses in the interest of justice will best be served if this action is transferred to the District Court of Connecticut. Motions granted. Settle order.

## On Motion for Rehearing

Plaintiff moves for re-argument of a motion previously made by defendants for an order transferring this action to the United States District Court for the District of Connecticut, under Sec. 1404(a), 28 U.S.C. A. The original motion was heard and argued on July 26, 1949 and opportunity for submission and further briefs and affidavits afforded all parties. The motion to transfer was granted. Re-argument of the motion was permitted because of the importance of the application, not only to this plaintiff, but to numerous railway employees similarly situated as plaintiffs in litigation pending in this court. Counsel was again heard and additional briefs and affidavits have been received and considered.

Plaintiff, a railroad brakeman employed by the defendant railroad, filed this action in this court on December 30, 1947 to recover damages for injuries alleged to have been received on January 2, 1947 through the negligence of defendants. It is alleged that both his legs had to be amputated as a result of the injuries sustained. Plaintiff is and was at the time a resident of Willimantic, Conn.

Plaintiff's injuries occurred while he was one of a switching crew employed by defendant railroad. The crew was switching a loaded freight car into the plant of the American Thread Company at Willimantic, and placing it upon a track adjacent to the platform of the cotton house of that company.

Defendant railroad is a Connecticut corporation with its principal office in New Haven. It maintains its law and claim departments in New York City and for the members of these departments personally it would be more convenient to try the action in this district. It is not questioned that the railroad carries on very substantial activities here.

The claims asserted did not arise out of the activities of either defendant in this district. They resulted entirely from the operation of the railroad crew at the local mill or plant siding of American Thread Company in Willimantic.

This action is not simply an Federal Employers' Liability Act suit. It involves as well a claim based on common law negligence asserted against a private industrial corporation, as well as the cross-claims between the corporate defendant and the railroad.

The issues raised by the pleadings revolve about (1) the alleged negligence of each of the defendants; (2) the possible contributory negligence of plaintiff; (3) the nature and extent of the injuries sustained by him; (4) plaintiff's pain and suffering, medical attention and hospital care he received and may in the future be obliged to undergo; (5) the amount of pecuniary damage he has sustained; and (6) in the event of plaintiff's recovery, the liability of defendants each to the other arising from the separate siding maintenance contract between them.

To establish his case, plaintiff's attorneys have frankly stated that they expect to call no witnesses who are residents or in business in this district, and that plaintiff need not call his fellow-employees (although they do not say that he will not call them), because "plaintiff was not rendered unconscious and can testify to the circumstances under which he was injured, which will (it is contended) establish the liability of the defendants." Plaintiff has not, on this motion, disclosed the identity of a single witness who does not reside in Willimantic or its vicinity; in fact, he has not disclosed either the identity or residence of any of his prospective witnesses.

Defendant railroad states that it expects to have present at the trial the following necessary witnesses:

1. the four members of the crew of the yard switcher with whom plaintiff was working when he was injured, to wit: conductor D. R. Connors, engineer F. A. Low-

man, fireman A. Bjork and brakeman F. M. Garragher—all of whom live and work in Willimantic;

2. an entire section gang of six men from Willimantic;

3. station agent H. A. Blanchette of Willimantic;

4. three doctors who treated plaintiff, Drs. M. J. Reardon, E. J. Ottenheimer and J. G. Raymer of Willimantic;

5. P. J. Meyer of New Haven, photographer;

6. several representatives of the railroad operating department from Hartford;

7. meteorologist B. A. Brown of Storrs, Conn.

Counsel for defendant railroad also states that he expects the trial of this action will take at least five days, (which is not an unreasonable estimate); that he anticipates that the witnesses will have come to New York and remain several days, if not for the entire trial; that this will involve expense in subsistence and compensation for the employee witnesses; that the medical witnesses will be inconvenienced and their patients seriously affected.

Defendant American Thread Company states that at the trial it will be necessary for it to produce at least twelve witnesses, who are employees. It names seven of them, Edwin B. Shaw, President Agent and General Manager, Albert E. Welsh, Chief Engineer, E. B. Weeks, Michael Wrzesien, Fred R. Arson, Gene Bonin and George Anthony. This defendant further states that its plant at Willimantic employs seventeen hundred and normally works two shifts a day; that the continued absence during trial of some of these witnesses, particularly that of Shaw, General Manager, and Welsh, Chief Engineer, will seriously interfere with the efficient operation of the plant; while, if the trial were held in Hartford, the men (being only about 32 miles from the plant) would be more readily available for plant emergencies and supervision of operations.

Connecticut constitutes one judicial district and court is held at both Hartford and New Haven.

By rail Willimantic is about 31.6 miles from Hartford and Hartford is about 36.6 miles from New Haven and about 108.9 miles from New York. By highway, Willimantic is 133 miles from this court and 28 miles from Hartford and 56 miles from New Haven.

The court takes notice that there are no problems of transportation between Willimantic and either Hartford, New Haven or New York. When viewed solely from the point of view of transportation, the relative distance from the place of residence of most of defendants' prospective witnesses to the forum selected and to which transfer is sought, is of little inconvenience. But while witnesses may reasonably be expected to travel daily during the trial from Willimantic to Hartford or New Haven and return home each night, it would be unreasonable to require them to travel daily to New York and back throughout the trial. To oblige them to make such daily journeys and to await their arrival in court in good spirits would be too much for the court and counsel to expect. I have not had railroad timetables submitted; I do not know whether train connections could be made. It is evident, however, that many of the witnesses would have to be maintained here during the trial.

But, a more serious problem is presented by the fact that most of defendants' witnesses are to be found more than 100 miles distant and may not be subpoenaed at trial. Federal Rules of Civil Procedure, rule 45 (e)(1), 28 U.S.C.A. Most of the witnesses listed by defendant are employees of one defendant only; some are not, viz., the medical witnesses. Those who are employees might willingly attend the trial without subpoena, when required, on behalf of their employer, but not when their presence is desirable for the co-defendant. "Certainly to fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to court, jury or most litigants." Gulf Oil Corp. v. Gilbert, 1947, 330 U.S. 501, 511, 67 S.Ct. 839, 844, 91 L.Ed. 1055. The materiality of the testimony to be given by the witnesses listed by defend-

ants appears evident in view of the issues raised by the pleadings.

Each application presents an individual problem; the solution depends upon the circumstances peculiar to the litigation; wide latitude is afforded the court for the exercise of its discretion. In the words of Mr. Justice Jackson in Gulf Oil Corp. v. Gilbert, supra, 330 U.S. at page 508, 67 S.Ct. at page 843. "Wisely, it has not been attempted to catalogue the circumstances which will justify or require either grant or denial of remedy."

I have, nevertheless, because of the great stress placed by plaintiff's attorneys upon it, examined the learned opinion of Kirkpatrick, Ch. J. in Naughton, v. Pennsylvania Railroad Co., D.C.E.D.Pa., 85 F. Supp. 761. I find many substantial differences between the facts there and those here involved. Particularly it appears there, that plaintiffs in each case had been treated over a period of time in hospitals and by physicians of Philadelphia, which is located in the Eastern District of Pennsylvania and from which defendant sought a transfer. The court there found that these medical witnesses of plaintiffs were "busy doctors practicing in Philadelphia" and that to require their presence in Pittsburgh (the district to which transfer was sought) "would present very real difficulties."

As I read that opinion, the court simply held that the amendment to Sec. 1404(a) of the Judicial Code did not deprive a plaintiff of the venue privileges of Sec. 6 of the Federal Employers' Liability Act, but merely made this choice subject to the recognized doctrine of *forum non conveniens*. With this, there can be no dispute. The court further found, on balancing the convenience of the litigants, that the plaintiffs' choice of forum neither vexed nor harassed defendant. The facts in the instant litigation do not present a similar situation.

I have considered, too, whether defendants' delay in making this application is such as to warrant its denial. I have concluded that it does not.

The action was commenced in December, 1947; it has been on the calendar of this court since February 5, 1948; it is number 728 on the jury calendar; No. 444 has been reached on the reserve calendar. The calendar clerk has advised that it will be at least two months before this action is placed on the reserve calendar. Past experience tells us that it will be at least the February 1950 Term (if not later) before it reaches a day calendar for actual trial.

Jurisdiction on the claim against the defendant railroad is founded on the Safety Appliance Act, 45 U.S.C.A. § 1 et seq., and the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. Prior to the revision of the Judicial Code and the enactment of Sec. 1404(a), *forum non conveniens* was not available in Federal Employers' Liability Act suits. Baltimore & Ohio R. Co. v. Kepner, 1941, 314 U.S. 44, 62 S.Ct. 6, 86 L.Ed. 28; Miles v. Illinois Central R. Co., 1942, 315 U.S. 698, 62 S.Ct. 827, 86 L.Ed. 1129, 146 A.L.R. 1104. Although there had been a number of district court opinions holding that this section was applicable to F.E.L.A. suits, many felt that the question was not entirely free from doubt. The decision of the Supreme Court in Ex parte Joseph Collett, 1949, 337 U.S. 55, 69 S.Ct. 944, 959, definitely determined the matter.

Defendants' motions to transfer were made returnable on July 5, 1949 and adjourned by consent to July 26, 1949. It cannot be said that defendant railroad under the circumstances was guilty of such delay as to warrant denial of the relief now asked.

Jurisdiction on the claim of the defendant American Thread Company is founded on diverse citizenship. The remedy of *forum non conveniens* was at all times available to it. Gulf Oil Corp. v. Gilbert, supra. It might well have moved many months ago. The interests of justice and the exercise of discretion would, however, have dictated a denial of relief rather than a severance of the action, which would have required two separate trials of identical facts: one trial in this district with the railroad defendant, and the other in the United States District

Court of Connecticut. We would have the same result now if relief were to be granted the railroad company only, because of the delay of defendant American Thread Company.

Finally, it appears that if the transfer is granted and the trial had in New Haven, the action would probably be assigned for trial sometime during the months of October, November or December, 1949; if the trial is had in Hartford it will be reached in January, 1950. The transfer will probably advance the date of trial, certainly not delay it.

Balancing the convenience of the parties and mindful of the interests of justice, I again conclude that the application to transfer should be granted.