## CONLEY v. PENNSYLVANIA R. CO.

United States District Court
S. D. New York.

Jan. 23, 1950.

Thomas F. Farrelly, New York City, attorney for plaintiff.

Conboy, Hewitt, O'Brien & Boardman, New York City, attorneys for defendant.

IRVING R. KAUFMAN, District Judge.

The Court has before it a motion made by the defendant to transfer this action to the United States District Court, for the Middle District of Pennsylvania, pursuant to the provisions of Section 1404(a) of Title 28, United States Code, [28 U.S.C.A.

§ 1404(a)], for the convenience of the parties and witnessses.

This action is brought by the plaintiff under the provisions of the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., to recover damages in the sum of $200,000 for personal injuries he allegedly sustained at or about the Harrisburg, Pennsylvania Terminal of the defendant, while employed by the defendant as a locomotive fireman.

■ Section 1404(a) provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The plaintiff, in opposition to this motion, urged that the Supreme Court opinion in Boyd v. Grand Trunk Western Railroad Company, 1949, 338 U.S. 263, 70 S.Ct. 26, was a flat holding that Section 1404(a) could in no way place any restrictions or modifications upon Section 6 of the Liability Act and that, therefore, there could be no transfer in an action brought under the Liability Act. This Court rejects the interpretation placed upon the Boyd case by plaintiff's counsel. The Boyd case did not involve the application of Section 1404(a). The question there merely involved the validity of an agreement made by the employee wherein he agreed in advance that if he ever brought suit against his employer, that a choice would be made of the specified districts in the agreement for the venue of the action. Such an agreement the Supreme Court held was invalid. The case indicates its approval of Ex parte Collett, 337 U.S. 55, 69 S.Ct. 944. A quotation from the Collett case used in the Boyd opinion, upon which counsel laid stress, is immediately preceded in the Collett decision by language so plain and direct that there cannot be any doubt whatsoever concerning the propriety of the use of Section 1404 (a) in actions under the Liability Act. The language referred to immediately preceding the quoted language in the Boyd case, reads as follows, 337 U.S. at page 60, 69 S.Ct. at page 947:

"Section 6 of the Liability Act defines the proper forum; § 1404(a) of the Code deals with the right to transfer an action properly brought. The two sections deal with separate and distinct problems."

If any doubt still exists on the subject, the following language from the Collett case should serve to dispel for all times such doubt, 337 U.S. at page 60, 69 S.Ct. at page 947:

"The Code, therefore, does not repeal § 6 of the Federal Employers' Liability Act."

The Collett opinion further pointed out that Section 1404(a) was intended to reach "any civil action".

■ This Court, being of the opinion that Section 1404(a) is without question applicable to the case at bar, we may proceed to a weighing of the respective conveniences. The plaintiff is a resident of Harrisburg, Pennsylvania; he was injured in Harrisburg, Pennsylvania; at least seven of defendant's witnesses in addition to the plaintiff reside in Harrisburg, Pennsylvania; two additional witnesses (medical witnesses) reside in Philadelphia, and one other medical witness resides in Baltimore, Maryland. The plaintiff urges that two of the physicians listed among the defendant's witnesses, residing in Philadelphia, Pennsylvania, and another physician, also a defendant's witness, residing in Baltimore, Maryland, will be called in addition as plaintiff's witnesses, and that if there is any transfer it should be to Philadelphia and not to Harrisburg. Indeed, no witness is called to the attention of the Court who resides in New York City or the immediate vicinity. It would appear, therefore, that to suit the convenience of the two Philadelphia physicians, who are expected to be witnesses for both parties, the plaintiff would seek to bring all of the other witnesses, of whom there are at least seven, in addition to himself, from Harrisburg. There is no substance to this contention.

The Court is, therefore, of the opinion that there is a preponderant balance in favor of the moving party and that this

982

action should, therefore, be transferred to the United States District Court, for the Middle District of Pennsylvania.

Motion granted.