### MAZULA v. DELAWARE & HUDSON R. CORPORATION.

United States District Court
S. D. New York.
Feb. 28, 1950.

Francis E. Carberry, Brooklyn, N. Y., for plaintiff.

Joseph Rosch, Albany, N. Y. (John H. English, Albany, N. Y., of counsel), for defendant.

CONGER, District Judge.

Motions by the defendant [1] to transfer this suit to the Northern District of New York pursuant to § 1404(a) of the Judicial Code, 28 U.S.C.A., and [2] to vacate or modify a notice of examination.

This action was brought pursuant to the provisions of the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., and the Safety Appliance Act, 45 U.S.C.A. § 1 et seq.

On or about the 24th day of July, 1949 in the City of Cohoes, New York, plaintiff's intestate was struck and killed by an engine, owned and operated by the defendant.

Plaintiff's intestate left him surviving four children, all of age, whose residences are as follows: plaintiff who lives at Fort Lee, New Jersey; a son who lives in Iowa, a son who lives in Waterford, New York

and a daughter who lives in Cohoes, New York. All of the above are of full age.

Letters of Administration upon the estate of decedent were issued to plaintiff by the Surrogate's Court, Saratoga County, where decedent resided at the time of his death.

Defendant contends that it has 28 material witnesses which it will have to use at the trial of the Court. Eight of the witnesses reside in and around the City of Binghamton and the remainder live in and around the City of Cohoes. Twenty-two of the witnesses are in the employ of defendant and 6 are not in its employ. It may be that all of these witnesses will not be needed for the trial but it is hard to say at this time. Plaintiff's complaint is so extensive in its allegations of negligence that it does appear that many of them will be necessary witnesses.

Plaintiff in his opposing papers does not mention the names of any witnesses which he will call.

Defendant petitions the Court that the trial of this case be transferred to the Northern District of New York, upon the grounds of convenience of parties, convenience of witnesses and in the interests of justice. If the case is so removed it will be tried in Albany.

It appears, therefore, that neither of the parties reside in this District; the accident did not occur here; none of the necessary witnesses are here, but are rather residents of the Northern District; certain non-employee witnesses for defendant are not subject to subpoena in this District; the expense to the defendant of a trial in New York City would be excessive as compared to the plaintiff of a trial in Albany; a fairly quick trial might be had in the Northern District while an extended delay may be anticipated here. These reasons, and others appearing in the papers, compel me to exercise my discretion in favor of the defendant and to transfer this case to the Northern District of New York. See Healy v. New York, N. H. & H. R. Co., D.C., 89 F.Supp. 614, Judge Ryan, August 2, 1949; Maloney v. New York N. H. & H. R. R. Co., D.C., 88 F.Supp. 568, Judge Noonan, December 14, 1949; Conley v. Pennsyl-

vania R. Co., D.C., 87 F.Supp. 980, Judge Irving R. Kaufman, January 23, 1950; cf. Cullinan v. New York Central R. Co., D.C. S.D.N.Y.1948, 83 F.Supp. 870; Naughton v. Penn. R. Co., D.C.E.D.Pa.1949, 85 F. Supp. 761.

The motion is granted.

The motion to vacate the notice of examination is granted without prejudice to plaintiff's renewal of the notice after transfer of the case.

Settle order.