GLASFLOSS CORPORATION v. OWENS-CORNING FIBERGLAS CORPORA-TION et al.

United States District Court
S. D. New York.
May 5, 1950.

Silver & Saperstein, New York City, John H. Kelley, Julius Silver, David Saperstein, Isaac M. Barnett, all of New York City, of counsel, for plaintiff.

Shearman & Sterling & Wright, New York City, for defendants Owens-Corning Fiberglas Corporation and Corning Glass Works.

Cravath, Swaine & Moore, New York City, John A. Wilson, John Marshall Briley, New York City, of counsel, for defendant Owens-Illinois Glass Co.

CONGER, District Judge.

The corporate defendants move to transfer this action to the United States District Court for the Northern District of Ohio, Western Division, pursuant to Section 1404(a) of Title 28 United States Code Annotated.

The action is one arising under the antitrust laws of the United States for treble damages suffered by plaintiff by reason of an alleged monopoly of trade and commerce in glass fibers and glass fiber products as well as by reason of certain alleged unfair and unlawful trade practices.

Plaintiff is a Connecticut corporation qualified to do business in the State of New York. It maintains only a statutory office in Connecticut. Subsequent to the institution of this suit, the assets of plaintiff, exclusive of the legal title to this action were transferred to Tilo Roofing Company, Inc.

Owens-Corning Fiberglas Corporation is a Delaware corporation with its principal offices at Toledo, Ohio; Owens-Illinois Glass Company is an Ohio corporation with its principal offices at Toledo; Corning Glass Works is a New York corporation with its principal offices at Corning, New York.

The complaint also lists thirteen individual officers of the three corporate defendants, ten of whom are alleged to reside in Ohio and three in Corning, New York. In fact one officer resides in Connecticut.

Section 1404(a) of the Judicial Code provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The plaintiff raises the question of the power of this Court, as a matter of law, to transfer this action to Ohio, pointing out that Corning, admittedly not an inhab-

itant, nor found nor transacting business in Ohio[1] could not have been sued there initially; and that, therefore, the Ohio district is not one " * * * where it [the action] might have been brought" within the meaning of Section 1404(a).

I shall not dwell on this point. Judge Ryan of this Court has decided it, and correctly so I believe, in Ferguson v. Ford Motor Company et al., D.C., 89 F. Supp. 45, 49. He stated:

"There is, consequently, no practical reason requiring that the transferee forum be a proper venue as to all of several defendants. It is sufficient that the transferee forum be, * * * more convenient to all parties and witnesses, [and highly so] that it be a proper venue as to at least one defendant and that the other defendants consent to the transfer."

\* \* \* \* \* \*

"Accordingly, I conclude that although Sherman Tractor Co. may not be amenable to process in Detroit * * * I nevertheless have the power to transfer this action to that city, under Section 1404(a). Sherman has consented to the transfer and the venue in Detroit is proper as to all the other defendants."

In the instant case, Corning has consented to be sued in Ohio, and the venue is proper for the other defendants.

Defendants assert that the suit should be transferred because (1) it would prevent a possible conflict of jurisdiction between two courts; (2) it would simplify access to sources of proof, both documentary and witnesses; and (3) it would not delay the trial, due to the relative condition of the dockets of the two courts.

(1) It appears that the defendants are now operating under a decree of injunction issued by the District Court in Toledo as the result of a civil anti-trust suit filed by the United States.

I have no fear of conflict between the two courts. Although it might be efficient to have this matter determined by the Court which has great familiarity with it, I feel that this Court may properly determine the scope of the relief, if any, to which the plaintiff may be entitled, and that the interests of justice will be served here as well as there.

(2) It is true that a transfer to Toledo would simplify access to sources of proof, at least to that proof in control of defendants.

The defendants have listed 76 witnesses residing in or near Toledo who will testify in connection with the submission of voluminous documents. The documents are in the possession of Fiberglas at Toledo and Newark, Ohio, and are contained in more than 3,000 file drawers. Undoubtedly, it would be burdensome for the defendants to transport all of these witnesses and documents to New York, although I think it is safe to assume that defendants will not find it necessary to use all the documents in all the file drawers to properly and efficiently defend. It is difficult to estimate at this stage just how many witnesses defendants will require.

Further, the defendants will seek testimony from persons connected with various battery manufacturers whose location is more proximate to Toledo than New York including a former officer of Fiberglas whose knowledge of the subject is important to defendants' case. He, among others, evidently is not subject to subpoena from this Court.

(3) It is a well known fact that the calendars of this Court are heavily congested. The case per judge is larger than that of any other District Court and is nearly seven times that of the Court in Toledo. Even though there is only one judge in the Toledo Court, it is fairly possible that this case will be reached sooner there than here, especially since it is a practice, as defendants assert, to assign a judge from the Eastern Division of that District to assist in Toledo.

The fact that a speedier trial may be held in the transferee forum is often given some weight in this type of application. See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055; Magnetic Engineering & Manufacturing Co.

---

1. See 15 U.S.C.A. § 22 for venue in anti-trust actions.

v. Dings Magnetic Separator Co., D.C.S. D.N.Y.1949, 86 F.Supp. 13; Mazula v. Delaware & Hudson R. R., D.C., 90 F. Supp. 966.

However, I do not believe that the factor is greatly significant in this type of litigation. It is not improbable that the pre-trial activity with extensive examinations and discovery and inspection will consume much of the time while this case progresses on the calendar so that great delay will not result when the parties are actually ready for trial.

I am impressed with the defendants' second point. Naturally, a transfer would be a great convenience for defendants and their witnesses. But the plaintiff must also be considered.

Since December 16, 1949, when the assets of the plaintiff, exclusive of the legal title to this suit were transferred, the plaintiff's manufacturing and selling operations have been continued intact as the Glasfloss Division of Tilo Roofing Company, Inc., at the same locations and with the same management and personnel as theretofore. The executive officers and sales offices are located in New York City and the manufacturing plant is located in Hicksville, Long Island.

Plaintiff lists the names of eight officers and employees, all of whom live in, around or in close proximity to New York City, whose testimony will be material and necessary in support of plaintiff's case. It appears that at least three of these are concerned with the business of Tilo rather than of the plaintiff while a fourth is a practicing attorney in New York City. The other four are connected with the Glasfloss Division of Tilo.

Plaintiff points out that an extended absence of these key men would cripple the Glasfloss operation. Evidently this could not be true with respect to four, at least, who appear to be busy with duties apart from Glasfloss.

The plaintiff asserts that it has a substantial number of outside witnesses whose testimony is material, and who are located near New York and remote from Toledo. It names none, however, because it purportedly fears disclosure would be prejudicial to plaintiff.

The records of plaintiff pertaining to this action consist of more than 28 filing drawers representing an accumulation of seven years. Of course, considerable expense and hardship would be occasioned in transporting them to Toledo.

The plaintiff asserts that it would be required to find headquarters in Toledo, storage space for its files, and hire local stenographic and clerical help if the trial were transferred while the defendants already maintain large New York offices useful for such eventualities. The defendants deny the facilities could be put to such use but I am inclined to think that they are in a more favorable situation than plaintiff in this respect.

I think I have fairly well outlined the circumstances for each side, and I must confess that I am not too moved by the defendants' reasons. I believe it will inconvenience defendants and their witnesses (not Corning necessarily) to try the case in New York, but only slightly more so than a trial in Toledo will inconvenience plaintiff and its witnesses. Both sides have offered to take pre-trial depositions where the files are accessible, that is, in New York and Toledo, so that the documents needed on the trial will be ascertained and certainly will not encompass the mountain of documents in the Fiberglas files.

It is true that the plaintiff is a mere corporate shell and that its inconvenience is really that of Tilo, but I do not think their interests should be separated on this application.

The plaintiff has selected this District as the forum to try its case. One could not say it made this selection with any thought of vexing or annoying the defendants. It cannot be said that it abused any privilege given under the venue laws when it chose this District in which to try its case. As far as the plaintiff was concerned it was the natural place to select. Here it could get jurisdiction over the three main and essential corporate defendants. It certainly was not practicable to commence the action in the Northern District of Ohio for there it could not obtain jurisdiction over Corning, one of the main corporations.

To change the venue herein something more must be shown than mere convenience of witnesses and parties. As Judge Ryan said in Ferguson v. Ford Motor Corp., supra: "It remains the law that a movant for relief under 1404(a) must show a preponderant balance in his favor, for it is still only the exceptional case which merits relief under this section. The defendants' suggestion that it is my function to weigh the convenience of the parties and making a nice balance award the suit to that district court which, of several forums, appears to be the most convenient, is rejected." [89 F.Supp. 51.]

After all, plaintiff has selected a logical and proper place for the trial of the case. I feel I should not order the trial in another District except and unless the interests of justice demand it. The plaintiff has made a respectable showing to sustain its claim to try its case here. This is not a local action with all its facts in and around Toledo.

Balancing the equities and again considering that plaintiff has selected a proper and logical forum for the trial of this case and has made a respectable showing of convenience to it and its witnesses to keep it here, I cannot say that defendants have made out such a strong and preponderating case that I should exercise the discretion I have to change the place of trial as prayed for.

Settle order.