**KEST  v.  NEW YORK CENT. R. CO.**
Civ. No. 5663.

United States District Court,
W. D. New York.
Dec. 3, 1953.

McElroy, Young, Mahley & Dunn, Syracuse, N. Y., (Gordon H. Mahley, Syracuse, N. Y., of counsel), for plaintiff.

Brown, Kelly, Turner & Symons, Buffalo, N. Y., (John E. Leach, Buffalo, N. Y., of counsel), for defendant.

KNIGHT, Chief Judge.

Defendant has moved under Title 28, U.S.C.A. § 1404(a) for an order transferring the cause to the Northern District of Ohio, Western Division for the convenience of parties and witnesses.

The summons and complaint were filed and served on March 19, 1953; defendant's answer was filed April 2, 1953. Note of issue was mailed by plaintiff's attorneys to defendant's attorneys on Oc-

tober 26, 1953 and filed on October 27, 1953. The present motion was filed by defendant on November 12, 1953 and was made returnable November 16, 1953 at which time it was by consent, adjourned to November 30, 1953 at 10:00 a. m. Plaintiff's counsel filed an affidavit in reply to defendant's moving papers at the argument of the motion on November 30, 1953.

It is to be noted that plaintiff resides in Toledo, Ohio; that the claimed injury to plaintiff occurred in the State of Ohio near Vermillion, which is between Toledo and Cleveland; that all of the witnesses named as being at the place of the accident reside in or near Toledo; that the attending doctors, other than the specialists, who would ordinarily be classified as experts, reside in or near Toledo; that the specialists, so-called, who examined plaintiff reside in Cleveland, Ohio and Buffalo, New York; that plaintiff's attorneys have their offices in State Tower Building, Syracuse, New York. Compare Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 509, 67 S.Ct. 839, 91 L.Ed. 1055; and see Healy v. New York, New Haven & Hartford R. Co., D.C., 89 F.Supp. 614; Maloney v. New York, N. H. & H. R. Co., D.C., 88 F.Supp. 568; Conley v. Pennsylvania R. Co., D.C., 87 F.Supp. 980.

▉ Plaintiff's contention that defendant has allowed seven months to pass without moving for a change of venue is subject to examination. It was met upon the argument, and not disputed, that defendant sought certain information from plaintiff which was not forthcoming until the latter part of October, and that such information was used on this motion which was dated November 5, 1953.

▉ Unless the balance is strongly in favor of defendant, the plaintiff's choice of forum will rarely be disturbed. International Union of Electrical, Radio & Machine Workers, C. I. O. v. United Electrical, R. & M. Workers, 6 Cir., 192 F.2d 847. However, there are also factors of public interest which should be considered in applying the doctrine of *forum non conveniens*. For instance, administrative difficulties follow for courts when litigation is piled up in congested places instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. The course of adjudication in this court might be beset with conflict of law problems which would be avoided if the litigation is in Ohio where the case arose. The ultimate inquiry is where trial will best serve the convenience of the parties and the ends of justice. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055.

Many other cases have been examined but the Court feels constrained to follow the Gilbert case inasmuch as there is a preponderant balance in favor of movant.

In view of the circumstances, the delay of trial until the term of court at Toledo in April does not seem too great and it will give time for the readjustment by the attorneys to comply with the disposition of this motion.

Present order in accordance with the foregoing determination to grant defendant's motion pursuant to Title 28 U.S.C.A. § 1404(a) and transfer this action to the United States District Court for the Northern District of Ohio, Western Division.