229 F.2d 368
 Myrtle FANNIN, Administratrix of the Estate of Zeb Fannin, Deceased, Petitioner,
v.
Honorable Paul JONES, Chief Judge of the United States District Court for the Northern District of Ohio, Eastern Division, Respondent.
 No. 12774.
 United States Court of Appeals Sixth Circuit.
 January 13, 1956.
 
 Metzenbaum, Schwartz & Disbro, Cleveland, Ohio, Joseph I. Williams, Cincinnati, Ohio, for appellant or petitioner.
 Before SIMONS, Chief Judge, and STEWART, Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner seeks a writ of mandamus to compel the district judge to vacate his order entered under 28 U.S.C.A. § 1404(a), transferring from the Eastern to the Western Division of the Northern District of Ohio petitioner's suit against the Baltimore and Ohio Railroad Company. In granting the motion for transfer, the district judge gave consideration to the fact that an early trial would be impossible in the Eastern Division because of an overcrowded docket and to the prospect of an early trial in the Western Division. The transfer is claimed to be improper solely because the court thus gave weight to the relative docket conditions in the two Divisions. A court should not under § 1404 (a) look to docket conditions in order simply to serve the court's own convenience. Cf. Keller-Dorian Colorfilm Corp. v. Eastman Kodak Co., D.C.S.D.N. Y., 1949, 88 F.Supp. 863, 866; see also Dairy Industries Supply Ass'n v. LaBuy, 7 Cir., 1953, 207 F.2d 554, 558. A prompt trial, however, is not without relevance to the convenience of parties and witnesses and the interest of justice Cf. United States v. Scott & Williams, Inc., D.C.S.D.N.Y., 1950, 88 F.Supp. 531, 535. In a wrongful death case promptness of determination is clearly in the interest of justice. The district court has a broad discretion under § 1404(a), Norwood v. Kirkpatrick, 1955, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789. The limits of that discretion were not exceeded here.
 
 
 2
 The petition for a writ of mandamus is denied.