Kenneth L. HOSTETLER, Plaintiff,

v.

BALTIMORE & OHIO RAILROAD COMPANY, a corporation, Defendant.

Civ. A. No. 16700.

United States District Court
W. D. Pennsylvania.

July 8, 1958.

Dennis Harrington, James P. McArdle, Pittsburgh, Pa., for plaintiff.

James R. Orr, of Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendant.

MARSH, District Judge.

■ This action was commenced on February 20, 1958, in the Western District of Pennsylvania at Pittsburgh, Pennsylvania, by plaintiff, an employee of the defendant railroad, to recover for injuries pursuant to the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., Safety Appliance Acts, 45 U.S.C.A. § 1 et seq., and Boiler Inspection Acts, 45 U.S.C.A. § 22 et seq.

The cause of action arose on April 7, 1957, at New Gate, near Hagerstown, in the District of Maryland where the action might have been brought.

Defendant filed a timely motion to transfer venue to the United States District Court for the District of Maryland at Cumberland, Maryland, pursuant to § 1404(a), 28 U.S.C.A., which provides:

"(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

At argument and in his brief, plaintiff conceded the accuracy of the factual situation and distances set forth in the defendant's supporting affidavit and brief. The court requested amplification of the facts and defendant submitted two supplemental affidavits in support of the motion and plaintiff filed a counter-affidavit by his counsel.

The court finds the undisputed and conceded facts as follows: The defense of the action is the responsibility of Western Maryland Railway Company under an agreement with the defendant, Baltimore & Ohio Railroad Company. A United States Courthouse for the District of Maryland is situate at Cumberland, Maryland; that the judges of that district regularly sit at Baltimore, Maryland, where the office of the Clerk and Marshal are located, but for the convenience of parties and witnesses, and in the

interest of justice, a judge will sit at Cumberland.

Plaintiff is a resident of Keyser, West Virginia, which is 136 miles from Pittsburgh, 26 miles from Cumberland, and 166 miles from Baltimore.

The defense expects to call 8 employee-witnesses whose knowledge is relevant and material to the question of liability.

Of these, three reside in Cumberland and five in or near Hagerstown, Maryland. Hagerstown is 178 miles from Pittsburgh, 68 miles from Cumberland, and approximately 72 miles from Baltimore. It is averred that plaintiff was examined by four doctors before suit was filed and is to be examined by a fifth. Of these, four are specialists who reside in Baltimore and one resides in Keyser, West Virginia. Baltimore is 250 miles from Pittsburgh and 140 miles from Cumberland. It is averred that all these medical witnesses are essential to the defense. Defendant estimates the cost of maintenance for its 13 witnesses at $234 per day in Pittsburgh contrasted with $99 per day in Cumberland, and travelling expenses of $184.92 to Pittsburgh contrasted with $150.46 to Cumberland. The plaintiff does not dispute the accuracy of these expenses or that Western Maryland Railroad will have to pay them. At Pittsburgh rates, maintenance would probably cost about $162 per day for 9 witnesses in Baltimore, and if passes would be available for the 8 employees, the travelling expenses would be considerably less than those to either Pittsburgh or Cumberland.

No affidavit was filed by plaintiff with respect to the number and expenses of his witnesses. Apparently plaintiff is the only witness to the alleged accident. At argument his counsel mentioned that a medical witness resides in Pittsburgh, but this doctor's identity was not disclosed; it was not shown whether he was engaged by plaintiff before or after the suit was filed or was recommended by plaintiff's counsel, or whether he presently treats plaintiff for his injuries or merely examined him for trial purposes.

The affidavit submitted by plaintiff's counsel emphasized a truism that it is solely in the discretion of the District Court of Maryland whether a case should be tried at Baltimore or at Cumberland; that plaintiff would have to procure Maryland counsel in the event of a transfer; and that it would be a grave hardship for him to try his case in Baltimore.

Although Keyser, West Virginia, plaintiff's home, is 30 miles farther from Baltimore than from Pittsburgh, the added expense for plaintiff to travel this distance is slight, cf. Henderson v. American Airlines, D.C.S.D.N.Y.1950, 91 F. Supp. 191; and if perchance the trial is held in Cumberland, it will be much more convenient and less expensive for plaintiff.

Neither the statute nor any decision brought to our attention has made the choice or engagement of counsel a factor to be considered in weighing the convenience of a litigant.[1]

■ Alleged hardship unsupported by particulars by way of proof or affidavit cannot be accorded much weight in balancing conveniences.

' From the supported facts it is obvious that the balance of convenience for the parties and the witnesses strongly preponderates in favor of transferring the case to the District of Maryland for trial either in Cumberland or Baltimore.

■ In addition, defendant asserts that an earlier trial may be had in the District of Maryland than in the Western District of Pennsylvania. It is relevant to consider the docket conditions of the transferor and transferee districts. Fannin v. Jones, 6 Cir., 1956, 229 F.2d 368; Healy v. New York, New Haven & Hartford R. Co., D.C.S.D.N.Y. 1949, 89 F.Supp. 614. Even Gulf Oil Corp. v. Gilbert, 1947, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 decided prior to the enactment of § 1404(a) suggested that the congestion of courts is a factor for consideration under the doctrine of forum non conveniens.[2]

As stated by Chief Judge Gourley of this court in Sherman v. Baltimore & O. R. Co., D.C.W.D.Pa.1954, 122 F.Supp. 492, 493:

"Perhaps defendant advances a more cogent reason for transfer when it suggests that judicial notice should be taken of the crowded and congested dockets prevailing in the Western District of Pennsylvania compared to the Northern District of West Virginia."[3]

Norwood v. Kirkpatrick, 1955, 349 U. S. 29, 75 S.Ct. 544, 99 L.Ed. 789 involved a Federal Employers' Liability Act case brought in the Eastern District of Pennsylvania. One of the plaintiffs was a resident of Philadelphia and two others were residents of Washington, D. C. Notwithstanding the residence of the plaintiffs and their right under the Act to choose the federal district court in Philadelphia as the forum, that court transferred the case to South Carolina where the accident happened and where the witnesses resided. This exercise of discretion was affirmed. Although it does not affirmatively appear, there can be little doubt that some of plaintiffs' medical witnesses resided in Philadelphia or Washington.

1. Cf. Davis v. American Viscose, D.C. W.D.Pa.1958, 159 F.Supp. 218, where it was shown that plaintiff's local counsel had done considerable testimonial work before a belated motion to transfer venue was made.

2. 330 U.S. at page 508, 67 S.Ct. at page 843: "Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin."

3. Defendant's affidavit avers that the Clerk of the United States Court for the District of Maryland informed affiant "that if the instant case is transferred to Cumberland, Md., it will be tried within a period of from six months to one year." According to the latest available figures, the median time from filing to disposition of cases tried in the Western District of Pennsylvania is 34 months. American Bar Association Journal, June 1958, Volume 44, Number 6, page 552, by Will Shafroth, Division Chief, Administrative Office of the United States Courts.

In All States Freight v. Modarelli, 3 Cir., 1952, 196 F.2d 1010, 1011, approved by the Supreme Court in Norwood v. Kirkpatrick, supra, Judge Goodrich stated:

"The statute [§ 1404(a)] limits the privilege of the plaintiff to have his lawsuit tried in the forum of his choosing if he can there get jurisdiction over the defendant. The purpose of the limitation is clearly to make the inevitably uncomfortable (for the litigant) judicial process cheaper and more convenient and, if possible, *more prompt.*" (Emphasis supplied.)

It is our conclusion from the facts appearing in the affidavits that a transfer to the District of Maryland will make the trial cheaper for defendant, more convenient for the 13 witnesses, and if the trial is held in Cumberland, cheaper and more convenient for plaintiff. To the balance of convenience in favor of a transfer is added the opportunity for a speedier trial which according to current emphasis is highly desirable and clearly in the interest of justice. Fannin v. Jones, supra.

An appropriate order will be entered.