Lyndell WILSON, Plaintiff,

v.

The OHIO RIVER COMPANY, a corporation, Defendant.

Civ. No. 62–445.

United States District Court
W. D. Pennsylvania.

Dec. 11, 1962.

Harry Alan Sherman, Pittsburgh, Pa., for plaintiff.

Harold R. Schmidt, of Rose, Houston, Cooper & Schmidt, Pittsburgh, Pa., for defendant.

MARSH, District Judge.

This action was commenced, pursuant to the Jones Act, 46 U.S.C.A. § 688, on June 12, 1962, in the Western District of Pennsylvania, at Pittsburgh, by plaintiff, a maid aboard the defendant's vessel M/V Bob Benner, to recover for injuries sustained in a fall down a flight of stairs in the vessel. A second count claims maintenance and cure under the admiralty laws.

The cause of action arose on or about September 16, 1961, while the vessel was navigating on the Ohio River.

The defendant has filed a timely motion to transfer the cause of action to Huntington, West Virginia, pursuant to § 1404(a), 28 U.S.C.A.:

"(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

It is admitted that the action might have been brought in the Southern District of West Virginia, where the defendant, a West Virginia corporation, has an office and place of business.

It is conceded in plaintiff's answer to the motion that plaintiff resides in Hunt-

ington, West Virginia, which is approximately 190 miles from Pittsburgh; that she was treated by two physicians who have their offices in Huntington; and that she was treated by three other physicians who are on the staff of the United States Public Health Hospital, Baltimore, Maryland, which is approximately 275 miles from Pittsburgh and approximately 310 miles from Huntington. Plaintiff was also treated by Dr. Monsour of Jeannette, Pennsylvania, which is approximately 25 miles from Pittsburgh. However, no affidavit filed by plaintiff confirms the argument that this doctor treated her for an injury received in the accident, nor does it appear whether the treatment began prior or subsequent to the commencement of this action.

The defendant expects to call nine members of the crew whose testimony is relevant and material to the question of liability. Because these nine crew members reside within 60 miles of Huntington, and because Huntington is a dispatch point for defendant's vessels, we think these seamen are more readily available there than at any other place. Furthermore, if trial is held in Huntington, the vessel would be more readily available for a jury view, if same should be desirable.

Although it appears that eight of the expected seamen witnesses are still in the service of defendant and may be classed as willing witnesses, one is not now so employed and as to him, and others who may cease to be in its employ, compulsory process should be available. The same is true as to the medical witnesses who reside in Huntington.

An affidavit submitted by defendant shows that the estimated costs of maintenance and transportation for the nine crew members and the medical witnesses would be over $1,000 more if trial were held in Pittsburgh rather than Huntington. Plaintiff does not dispute these estimated expenses.

No affidavit was filed by plaintiff with respect to the number and expenses of her witnesses; apparently, plaintiff is the only witness to the alleged fall.

■ In our opinion the proposed transfer would be for the convenience of the parties and witnesses and in the interest of justice.

■ Although plaintiff avers that she chose this forum because of "her confidence in her proctors practicing herein", neither the statute nor any decision brought to our attention has made the choice or engagement of proctors a factor to be considered in weighing the convenience of a litigant. Hostetler v. Baltimore & Ohio Railroad Company, 164 F.Supp. 72, 74 (W.D.Pa.1958).

■ The fact that the plaintiff sought the services of a physician in this District, after being treated by at least five other physicians in Huntington and Baltimore, cannot be accorded much weight in balancing conveniences.

It appears that the docket in the United States District Court at Huntington is current, whereas the docket in the District Court at Pittsburgh is not. Thus to the balance of convenience in favor of transfer is added the fact that plaintiff probably will receive a speedier trial in Huntington, which is highly desirable and clearly in the interest of justice. Fannin v. Jones, 229 F.2d 368 (6th Cir. 1956); Healy v. New York, New Haven & Hartford R. Co., 89 F. Supp. 614 (S.D.N.Y.1949); cf. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508–509, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

In All States Freight v. Modarelli, 196 F.2d 1010, 1011 (3d Cir. 1952), approved by the Supreme Court in Norwood v. Kirkpatrick, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789, the late Judge Goodrich stated:

"The statute [§ 1404(a)] limits the privilege of the plaintiff to have his lawsuit tried in the forum of his choosing if he can there get jurisdiction over the defendant. *The purpose of the limitation is clearly to make the inevitably uncomfortable (for the litigant) judicial process*

*cheaper and more convenient and, if possible, more prompt."* (Emphasis supplied.)

An appropriate order will be entered granting the defendant's motion for change of venue.