James WALTER, Plaintiff,
v.
George WALTER, Defendant.
Civ. A. No. 64575.

United States District Court
W. D. Pennsylvania.
Oct. 28, 1964.

James A. Ashton, Pittsburgh, Pa., for plaintiff.

Donald W. Bebenek, Pittsburgh, Pa., for defendant.

ROSENBERG, District Judge.

The defendant has presented a motion to transfer the above entitled action "to the Federal District Court in Missouri for proper handling", without affidavit in support of the averments contained in his motion or brief.

It appears from these that the accident upon which a claim is based by the plaintiff occurred on September 8, 1962, while the plaintiff was driving the defendant's vehicle in Phelps County, Missouri; that no investigation concerning the happening of the accident was made; that while in Pittsburgh visiting his aged parents, the defendant was served with process in the action; that the action is brought in a district which is completely removed from the site of the accident; that a deposition of the plaintiff will have to be taken; that persons in the vicinity of the accident will have to be interviewed and an investigation be made; that at the present time the defendant can give no specific information concerning the evidence which will be required for presentation in determining the case; that no knowledge is had of the witnesses who will testify; that potential witnesses can more easily come before a court and jury in the proposed transferee district; that none of these witnesses could be brought to Pittsburgh; that if depositions are required to be taken of the witnesses in Missouri, it will create a tremendous disadvantage to the defendant because "the jury is not going to listen to the written word as well as it would to individuals taking the stand and testifying"; that the plaintiff received his initial medical treatment in Rolla, Mis-

souri; and that while a large number of medical witnesses are in Pittsburgh, their testimony will be cumulative.

The plaintiff in opposition to the motion for transfer, by affidavit, asserts that there were no eyewitnesses to the accident; that the injuries have disabled the plaintiff from working; that his medical treatment in Missouri was short and only after the accident; that he was confined to a hospital there, but that he was confined to the Harmarville Rehabilitation Center in this area for hospitalization and treatment for 110 days; that the long and major list of medical witnesses are all within the Western District of Pennsylvania; that none of these can be required to testify in Missouri; that the plaintiff, himself, is now indigent and cannot afford the expenses of transporting the witnesses for trial in Missouri; and that it would be an injustice to require that he do so.

Under 28 U.S.C.A. § 1404(a) provision is made, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought". But the facts as presented here by the defendant are conditional and vague. There is no persuasiveness in what the defendant asserts to indicate that the majority of witnesses will be inconvenienced by a failure to transfer this case to Missouri. While on the other hand, it is obvious that the plaintiff and his witnesses will be very much inconvenienced if a transfer is made.

■ We have another matter which must be considered. The plaintiff has made his choice of action in this forum. The Act was not intended to defeat the plaintiff in the right of bringing his action in such forum as he deemed proper to prosecute an action for such remedy as he may have under the circumstances, and wherever possible, consideration ought to be given to the choice of the plaintiff's forum. Dairy Industries Supply Association of Connecticut v. LaBuy, C.A.7, 1953, 207 F.2d 554.

■ The question here is in reality who has presented the greater need in whichever forum convenience will be enhanced. Transfer of an action in another District Court should be made only for the greater convenience of the parties or in the interest of justice. Wilson v. The Ohio River Company, D. C., 211 F.Supp. 666, 1962.

■ From all that appears here before me now, I cannot say that a transfer of this action ought to be made to Missouri. Accordingly, the motion of the defendant for transfer of this action to Missouri will be denied.