Pauline **HABERMANN**, Individually and as Administratrix ad Prosequendum of the Estate of Raymond Habermann, Deceased, Plaintiff,

v.

Perry M. **SHOEMAKER** and John E. Farrell, Trustees, the Central Railroad Company of New Jersey, Defendants.

No. 67 Civ. 3811.

United States District Court
S. D. New York.

Dec. 13, 1967.

Arnold B. Elkind, New York City, for plaintiff.

Francis V. Kear, Jr., New York City, for defendants.

MANSFIELD, District Judge.

Defendants move pursuant to 28 U.S.C. § 1404(a) for transfer to the District of New Jersey of this personal injury action brought under the Federal Employers' Liability Act (45 U.S.C. § 51). The motion is denied for failure to make a sufficient showing that the balance of convenience favors transfer.

The action, which was commenced on October 4, 1967, arises out of an accident that occurred on September 7, 1967, on property of the Port of New York Authority at Port Elizabeth, New Jersey,

**562**

approximately 17 miles from New York City, as a result of which Brakeman Raymond Habermann suffered severe injuries and died. Plaintiff, his administratrix, resides in North Bergen, New Jersey, approximately seven miles from New York City. Defendants are Trustees of the Central Railroad Company of New Jersey, a New Jersey corporation with its principal place of business in Newark, which also does business in New York and has a law department at 233 Broadway, New York, N. Y.

■ The burden is upon the moving defendants to make a strong showing that the balance of convenience favors transfer of the case, Skultety v. Pennsylvania R.R. Co., 91 F.Supp. 118 (S.D. N.Y.1950), particularly in a suit under the Federal Employers' Liability Act, § 6 of which accords to the plaintiff the choice of forum (45 U.S.C. § 56). See Naughton v. Pennsylvania R.R. Co., 85 F.Supp. 761 (E.D.Pa.1949).

■ Although the scene of the accident and nearly all of the witnesses and records are located in the northern part of New Jersey, and it would probably be more convenient for most of the witnesses to travel five miles or so to Newark rather than 15 or 20 miles to the Southern District of New York, other witnesses are actually closer to the Southern District of New York than to the Federal Courthouse in Newark. Furthermore, all witnesses and records are within the subpoena power of this Court, see Rule 45(d), (e), F.R.Civ.P., which distinguishes the case from decisions cited by defendants, e. g., Mazula v. Delaware & H.R.R. Corp., 90 F.Supp. 966 (S.D.N.Y.1950); Healy v. New York, N.H. & H.R.R. Co., 89 F.Supp. 614 (S.D. N.Y.1949). Faced with an enormous case load, this Court, one of the busiest in the United States, would much prefer that this action have been instituted in the District of New Jersey, where the accident occurred and all of the witnesses and parties are located. However, on this record the circumstances are insufficient to sustain defendants' burden and to deprive plaintiff of her privilege

under § 6 of the Federal Employers' Liability Act, especially since, as a practical matter, we are dealing with one single large metropolitan area which embraces portions of northern New Jersey.

Accordingly, the motion is denied.

So ordered.