Joseph P. OATES

v.

Michael L. ASHOOK.

Civ. A. No. 2663.

United States District Court
D. New Hampshire.

Nov. 21, 1966.

Robert A. Shaines, Portsmouth, N. H., for plaintiff.

Boynton, Waldron & Dill, Richard E. Dill, Portsmouth, N. H., for defendant.

## ORDER ON DEFENDANT'S MOTION FOR CHANGE OF VENUE

CONNOR, District Judge.

This action is in this court on removal by the defendant from Rockingham County Superior Court. It arises out of an automobile accident that allegedly occurred on November 5, 1965, in York, Maine. The plaintiff was a passenger in the defendant's car at the time of the accident and claims that he suffered injuries due to the defendant's negligent operation of the vehicle.

The defendant seeks an order from this court transferring this action to the United States District Court for the District of Maine. 28 U.S.C.A. § 1404(a) states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

This suit might have been brought in the United States District Court for the District of Maine because Maine's long-arm statute [1] permits that court to exercise personal jurisdiction over the defendant. 28 U.S.C.A. § 1391(f) [2] establishes venue in that district and, under 28 U.S.C.A. § 1332, there is subject matter jurisdiction in that district. However, the Court is of the opinion that the defendant has not sufficiently demonstrated that the transfer of this case to Maine would be "for the convenience of the parties and witnesses, in the interest of justice."

---

[1]. Me. RSA 14–704:

Any person, whether or not a citizen or resident of this State, who * * * does any of the acts hereinafter enumerated in this section, thereby submits said person * * * to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of said acts:

\* \* \* \* \*

B. The commission of a tortious act within the State resulting in physical injury to person or property;

\* \* \* \* \*

Service of process upon any person who is subject to the jurisdiction of the courts of this State, as provided in this section, may be made by personally serving the summons upon the defendant outside this State, with the same force and effect as though summons had been personally served within this State.

\* \* \* \* \*

[2]. 28 U.S.C.A. § 1391(f):

A civil action on a tort claim arising out of the manufacture, assembly, repair, ownership, maintenance, use, or operation of an automobile may be brought in the judicial district wherein the act or omission complained of occurred.

818

In Headrick v. Atchison, T. & S. F. Ry. Co., 182 F.2d 305, 310–311 (10th Cir. 1950), the court stated: "In the Gulf Oil case (Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055), Justice Jackson says: 'Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.' [330 U.S. 501, 67 S.Ct. 843]. Moore observes that this language was used prior to the enactment of § 1404(a) and the court was dealing with forum non conveniens at a time when, if applied, would result in a dismissal. He thinks that now the courts may properly utilize the doctrine more freely than when dismissal resulted. With this we agree, but we are of the view that, even though now a dismissal will not result, the doctrine should not be applied, and the plaintiff's choice of forum disturbed, unless the balance in the defendant's favor is shown by clear and convincing evidence. Here the court had before it only an agreement that the cause of action arose in California, that the defendant was amenable to process in California, that the plaintiff and defendant are not residents of New Mexico, that none of the witnesses likely to be called in the trial of the case reside in New Mexico * * *. There is no showing as to the number of witnesses, who they are or where they live, or what the additional expense would be to the defendant to try the case in New Mexico. It appears that the trial court believed that California was the most convenient forum because the accident occurred there. This in itself would not be sufficient. * * * The court should have sufficient proof from which it could determine, in justice to both parties and the witnesses, the most convenient forum."

In the instant case, neither party is a citizen of New Hampshire and the cause of action arose in Maine. The defendant was served with process issuing from the state courts while he was briefly visiting a tavern in New Hampshire, and he subsequently removed the case to this court. New Hampshire has had minimal contact with the operative facts of the case, but the plaintiff has chosen this state in which to bring his suit. The defendant has alleged in his motion for change of venue that "trial of this action in the District of New Hampshire would impose an undue burden upon the Defendant and unnecessary trouble, inconvenience and expense of transporting records and witnesses from the District of Maine, which would result in undue and unnecessary hardship on the defendant." However, the defendant has produced almost no evidence in his motion or at the hearing to substantiate his claims, and the Court agrees with the *Headrick* decision quoted above that there must be sufficient proof from which the Court can determine the most convenient forum.

The motion for change of venue is denied.

