**BAYSIDE ENTERPRISES, INC., Plaintiff,**

v.

**MATTERN'S HATCHERY, INC. and Empire Kosher Poultry, Inc., Defendants.**

**Civ. No. 90–0108–P.**

United States District Court,. D. Maine.

July 23, 1990.

---

Rufus E. Brown, Drummond Woodsum, Portland, Me., for plaintiff.

Michael K. Martin, Petruccelli, Cox & Martin, Portland, Me., for defendants.

---

MEMORANDUM OF DECISION AND ORDER ON DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE STAY ALL PROCEEDINGS, OR IN THE ALTERNATIVE TO TRANSFER

GENE CARTER, Chief Judge.

This matter comes before the Court on the Defendants' Motion to Dismiss or in the Alternative to Stay All Proceedings, or in the Alternative to Transfer Venue to the Middle District of Pennsylvania, filed on April 18, 1990 (Docket No. 4). Plaintiff filed an objection to the allowance of the motion on May 7, 1990 (Docket No. 6). The matter has been fully briefed in written submissions of the parties and is ready for decision by the Court on those submissions.

The case arises out of a transaction by which Plaintiff, a Maine corporation with its principal place of business in Maine, sold its chicken breeder stock, also located in Maine, to Mattern's Hatchery, Inc., a Pennsylvania corporation, for a total purchase price of $1,200,000. Empire Kosher Poultry, Inc. guaranteed the promissory note executed by Mattern's Hatchery, Inc. for $1,000,000 of the purchase price. The transaction closed in Pennsylvania on July 7, 1988. Defendants took legal title and possession of the breeder stock, which it nourished and cared for in Maine through utilization of Plaintiff's former employees until the last of the chickens were moved from Maine to Pennsylvania by Defendants in October of 1989. Thereafter, Defendants expressed dissatisfaction with the productivity of the breeder stock and, in January and February of 1989, they failed to make payments on the guaranteed note for the purchase price of the breeder stock. After receiving a notice of default from Plaintiff, Defendants made the late payments on the note in February 1990.

Thereafter, on February 28, 1990, Defendants filed a suit in the United States District Court for the Middle District of Pennsylvania, essentially alleging breach of contract, fraud and misrepresentation. The complaint sought damages for the poor performance of the breeder stock. The issues were joined in the Pennsylvania court. Thereafter, on March 29, 1990, Plaintiff filed suit in the Superior Court in and for the County of Cumberland and State of Maine, seeking a declaratory judgment that the notes, security agreement, and guaranty received by Plaintiff in the original purchase and sale transaction for the breeder stock are valid and enforceable. Defendants removed the action to this Court on April 18, 1990 (Docket Nos. 1 and 1a).

## DISCUSSION

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The determination of choice-of-venue is a matter within the Court's discretion. *Codex Corp. v. Milgo Electronic Corp.*, 553 F.2d 735, 737 (1st Cir.1977). In making its determination, the Court considers the factors set out in the statute as well as the order in which jurisdiction was obtained by the Court, the availability of documents, and the possibilities of consolidation. *Cianbro Corp. v. Curran–Lavoie, Inc.*, 814 F.2d 7, 11 (1st Cir.1987).

In addition, where, as in this suit, there are actions proceeding in two federal courts, entailing duplicative litigation and, thus, a waste of judicial resources, "the first filed action is generally preferred in a choice-of-venue decision." *Id.*, citing *Codex Corp. v. Milgo Electronic Corp.*, 553 F.2d 735, 737 (1st Cir.1977). Weighing the factors noted above, the Court finds that this suit should be transferred to the United States District Court for the Middle District of Pennsylvania.

Defendants filed suit in Pennsylvania approximately one month prior to Plaintiff's filing of this action. Although it is improper for a party to race to the courthouse, there is no evidence supporting Plaintiff's assertion that Defendants' decision to file suit was a race to the courthouse. Therefore, this factor supports a Pennsylvania venue.

As is evident from Plaintiff's memorandum, the facts and legal issues underlying the suit in Pennsylvania are inextricably intertwined with those presented in the case filed before this Court. These facts and legal issues should be resolved in one forum in order to avoid a duplication of judicial effort and the danger of inconsistent results. Thus, it is in the interest of justice that the cases be consolidated. Because the suit in the Pennsylvania district court was filed first and represents the underlying issues to be resolved, the Court finds that this factor also supports a Pennsylvania venue.

Finally, the convenience of the parties does not support one forum over the other. While the Bayside employee accused of fraud lives in Maine, the chickens are located in Pennsylvania, and most of the potential expert witnesses reside in Pennsylvania. The parties signed the contract in Pennsylvania and agreed that Maine law would apply to the validity and construction of the contract.[1] There is no clear indication as to whether the important documents in this case are more likely to be in Maine or in Pennsylvania, or that their location will adversely affect access to them for use in this case in any event. Thus, the "convenience of the parties" does not favor one forum over the other.

In sum, for the reasons set out above, the Court FINDS that it would be in the best interests of justice to transfer this suit to the United States District Court for the Middle District of Pennsylvania. Accordingly, it is hereby ORDERED that Defendants' motion, as it pertains to change of venue pursuant to 28 U.S.C. § 1404(a), be, and it is hereby, GRANTED, and the Court notes that the motion is thereby rendered MOOT in all other respects.

---

1. Of course, Maine law may be applied by either    federal court.