**Frederick ASHMORE, David Boya, William Simone, and Richard Simeone, Plaintiffs,**

v.

**NORTHEAST PETROLEUM DIVISION OF CARGILL, INC., Northeast Petroleum Corporation of Maine, Northeast Petroleum Corporation of Cape Cod d/b/a Northeast Petroleum, and Cargill, Inc., Defendants.**

**Civil No. 93–199–P–C.**

United States District Court, D. Maine.

May 16, 1996.

Daniel W. Bates, Kenneth D. Keating, Petruccelli & Martin, Portland, Maine, for Plaintiffs.

Peter J. DeTroy, III, Norman, Hanson & DeTroy, Portland, Maine, for Defendants.

*ORDER DENYING DEFENDANT CARGILL'S MOTION TO TRANSFER ACTION TO THE DISTRICT OF MASSACHUSETTS*

GENE CARTER, Chief Judge.

In July 1993, Plaintiffs filed this action alleging that they were dismissed from employment as sales representatives for Defendants in retaliation for Plaintiffs' refusal to

implement a pricing system prohibited by the Robinson–Patman Anti–Discrimination Act. Plaintiffs also seek relief from this Court under common law theories of breach of contract and promissory estoppel. Now pending before this Court is Defendant Cargill, Inc.'s ("Cargill") Motion to Transfer Action to the District of Massachusetts (Docket No. 50), brought under 28 United States Code § 1404(a). Cargill seeks this change on the basis that "discovery and trial [in this case] will involve persons, documents and events that pertain primarily to Massachusetts, secondarily to other jurisdictions, and very little to Maine." Defendants' Memorandum (Docket No. 51) at 1. Plaintiff Ashmore resides in Maine, Plaintiffs Boya and Simone reside in Connecticut, and Plaintiff Simeone resides in Massachusetts. Cargill is a Delaware corporation with a principal place of business in Minnesota and offices throughout the United States, including offices in Maine and Massachusetts.

■ No allegation is made that venue is improper in this case. Rather, Cargill seeks to transfer the venue to nearby Massachusetts. The authority for a district court to transfer venue to another district is found at 28 United States Code § 1404(a), which states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The statute does not state that any party has a *right* to a change of venue, leaving the determination of the proper venue to the discretion of this Court. *Bayside Enterprises, Inc. v. Mattern's Hatchery, Inc.*, 741 F.Supp. 21, 22 (D.Me. 1990). The factors to be considered by a court in the exercise of this discretion include the convenience of the parties and witnesses, the order in which jurisdiction was obtained by the district court, the availability of documents, and the possibilities of consolidation. *Cianbro Corp. v. Curran–Lavoie, Inc.*, 814 F.2d 7, 11 (1st Cir.1987). No single factor, however, is determinative. "Wisely it has not been attempted to catalogue the circumstances which will justify or require grant or denial of transfer. Given the statutory standards the decision is left to the sound discretion of the trial judge." Charles A. Wright,

Arthur R. Miller, 15 Edward H. Cooper, *et al., Federal Practice and Procedure* § 3847, at 368 (2d ed. 1986) (quoting *Brown v. Woodring,* 174 F.Supp. 640, 644 (D.C.Pa. 1959)). *See also Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 2243–44, 101 L.Ed.2d 22 (1988) ("Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'") (citation omitted).

■ Cargill has a substantial burden of demonstrating why there should be a change of forum here. *See Buckley v. McGraw–Hill, Inc.,* 762 F.Supp. 430 (D.N.H.1991). The evidence presented by Cargill must predominate in favor of transfer before this Court will disturb Plaintiffs' choice of forum. Cargill has asserted several bases for its motion. First, it alleges that the convenience of the witnesses favors this action. Convenience of the witnesses is certainly a factor for this Court's consideration. However, Cargill's memorandum and the affidavit of Robert Takvorian, providing a list of potential witnesses, names only employees of Defendants. A defendant's motion to transfer under section 1404(a) may be denied when the witnesses are employees of the defendant and their presence can be obtained by the party. *Galonis v. National Broadcasting Co.,* 498 F.Supp. 789 (D.N.H.1980). *See also Federal Practice and Procedure* § 3851, at 421–23.

Cargill has failed to provide any evidence to support its allegation of inconvenience to *nonparty* witnesses. It has merely made blanket statements referring to "customers" in New England. Further, with regard to the employees listed as potential witnesses, there are significant regions in Massachusetts that could be reached with this Court's subpoena power, along with Maine and southern New Hampshire. Fed.R.Civ.P. 45(b)(2). If the trial were held in Boston, by contrast, while reaching persons in eastern Massachusetts and portions of New Hampshire, the court's subpoena power would not extend to Portland (where one Plaintiff resides and where Cargill has an office) and

many areas of southern New England, including all of Connecticut. Therefore, Cargill has failed to show that a transfer would appreciably expand the pool of potential witnesses.

■ Next, Cargill asserts that this action should be transferred for the convenience of the parties. Although Cargill claims that Massachusetts is more convenient to the Plaintiffs, clearly Plaintiffs' filing in Maine and their continuous opposition to this motion refute that. Unquestionably, Massachusetts is a more convenient location for Defendants since that is where they conduct business. The inconvenience is presumably due to the business costs of litigating in a venue a few hours away by car. The relative financial strength of the parties to absorb the costs of litigation is a consideration in a transfer of venue analysis. *Federal Practice and Procedure* § 3849, at 408–10. *See also Crosfield Hastech, Inc. v. Harris Corp.*, 672 F.Supp. 580, 589 (D.N.H.1987). Here, it appears that the corporate Defendants have more resources than do the individual Plaintiffs.

■ Cargill has failed to demonstrate how it will be inconvenienced by the location of documents two hours from this Court. Presumably, the same mailing to Plaintiffs' counsel in response to discovery requests must occur, regardless of where the trial is held. The files will need to be moved to another location for trial regardless of whether it is a half-hour or two hours away. As mentioned above, amorphous allegations of inconvenience regarding unspecified documents, as with unnamed witnesses, are inadequate to satisfy the required clear showing of balancing of conveniences in favor of Cargill. *Crosfield Hastech, Inc.*, 672 F.Supp. at 589.

■ Cargill also claims that Plaintiffs' choice of forum should be given little weight in this determination despite the First Circuit's clear directive that such a choice should be given "substantial deference." *Berrigan v. Greyhound Lines, Inc.*, 560 F.Supp. 165, 169 (D.Mass.1982), *aff'd*, 782 F.2d 295 (1st Cir.1986). Since only one of the Plaintiffs resides in Maine, Cargill, citing cases from other circuits, argues that little

deference should be provided for Plaintiffs' choice here. This circuit, however, has not established the rule, as some other circuits have, that when plaintiffs sue in a forum that is not their residence, their choice of venue is entitled to only minimal consideration. *See, e.g., Armco Steel Co. L.P. v. CSX Corp.*, 790 F.Supp. 311 (D.D.C.1991). The United States Supreme Court case cited by Cargill, and most decisions on this issue, actually refer to plaintiffs who are not residents of the United States, not merely of the forum state. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981).

Within the First Circuit there are several decisions citing the deference that should be given to a plaintiff's choice of forum. *See, e.g., Buckley v. McGraw Hill, Inc.*, 762 F.Supp. 430, 439 (D.N.H.1991); *La Electronica, Inc. v. Electric Storage Battery Co.*, 260 F.Supp. 915 (D.P.R.1966). Other jurisdictions have granted particular deference to plaintiff's choice when the plaintiff has brought an antitrust claim. *Texas Utilities Co. v. Santa Fe Industries, Inc.*, 553 F.Supp. 106, 109 (N.D.Tex.1982); *Star Lines Ltd. v. Puerto Rico Maritime Shipping Authority*, 442 F.Supp. 1201, 1207 (S.D.N.Y.1978).

■ It is also of no consequence that this Court has determined that Massachusetts law will apply. Choice of law is a separate consideration that should not be confused with a venue analysis. This Court has noted that federal courts are able to apply the law of other jurisdictions. *Bayside Enterprises*, 741 F.Supp. at 23 n. 1. Much of the argument in Cargill's brief addresses factors affecting a choice-of-law, rather than venue, analysis and need not be discussed here.

■ In addition, there are other considerations "in the interest of justice" that support a denial of this motion. This district has a very fast docket and would bring about an earlier resolution of the matter than would the overburdened Massachusetts court. "A prompt trial is not without relevance to the convenience of parties and witnesses and the interest of justice." *Federal Practice and Procedure* § 3854, at 456 (quoting *Fannin v. Jones*, 229 F.2d 368, 369–70 (6th Cir.), *cert. denied*, 351 U.S. 938, 76 S.Ct.

834, 100 L.Ed. 1465 (1956)). Transfer to the District of Massachusetts would undoubtedly result in slower adjudication of the merits of the case.

As a final note, the distance between this Court and the District of Massachusetts is too slight to create any true inconvenience to the parties, witnesses, and counsel. The distance of approximately one hundred miles from Boston is a two-hour car ride (and even less for those individuals residing in northeastern Massachusetts and New Hampshire). Considering the ease of transportation between Massachusetts and Maine, the length of required travel is not enough to compel this Court to uproot this litigation and send it to a neighboring district. *See Cianbro*, 814 F.2d at 11 (holding that proximity of the federal districts is a consideration in change-of-venue analysis). Other courts have found that even greater distances do not require transfer. *See e.g., Williams v. Kerr Glass Mfg. Corp.*, 630 F.Supp. 266 (E.D.N.Y.1986) (denying motion to transfer venue because the distance from New York City to the Middle District of Pennsylvania, one hundred sixty miles, was too short). All of the parties and most of the witnesses involved in this case reside in the New England region. *See also Oates v. Ashook*, 269 F.Supp. 816 (D.N.H.1966) (denying a motion for transfer of venue to District of Maine although the parties and litigation had no connection to New Hampshire).

Since Cargill has not met its burden of demonstrating that the convenience of parties and interests of justice favor a transfer to the District of Massachusetts, this Court will retain jurisdiction. It is *ORDERED* that Defendant's Motion to Transfer Action to the District of Massachusetts be, and it is hereby, *DENIED.*