DEMONT & ASSOCIATES, Plaintiff,

v.

**Anne E. BERRY, Defendant.**

**No. Civ. 99–280–P–C.**

United States District Court,
D. Maine.

Dec. 8, 1999.

Samuel W. Lanham, Jr., Cuddy & Lanham, Bangor, ME, for plaintiff.

Thomas H. Somers, Hoff, Curtis, Pacht, Cassidy & Frame, Portland, ME, Kerin E. Stackpole, Hoff, Curtis, Pacht, Cassidy & Frame, Burlington, VT, for defendant.

## ORDER DENYING DEFENDANT'S MOTION TO TRANSFER CASE TO THE DISTRICT OF VERMONT

GENE CARTER, District Judge.

On September 15, 1999, Plaintiff filed this action alleging that Defendant, a former employee of Plaintiff, violated, and continues to violate, an employment termination agreement between the parties. In its eight-count Complaint ("Complaint") (Docket No. 1), Plaintiff seeks injunctive relief and damages under various theories. Now pending before this Court is Defendant's Motion to Transfer Case to the United States District Court for the District of Vermont ("Defendant's Motion") (Docket No. 6), pursuant to 28 U.S.C. § 1404(a).

Plaintiff is a Maine corporation having is principal office in Portland, Maine. Complaint at 1 ¶ 2. Plaintiff provides fundraising assistance and related services to nonprofit organizations throughout the Northeast. *Id.* Fifty percent of Plaintiff's clients are in Maine. Second Affidavit of Robert D. Demont at 2 ¶ 2 (Docket No. 11). Plaintiff maintains satellite offices in Massachusetts and Vermont, but apparently those offices are not staffed. *Id.* Robert Demont, who incorporated Demont & Associates and currently serves as its president, resides in Maine. *Id.* at ¶ 1.

Defendant is a resident of Burlington, Vermont. Affidavit of Anne M. Berry at 1 ¶ 1 (Docket No. 7) ("First Berry Affidavit").[1] Plaintiff employed Defendant as a consultant between June 1997, and July 1999. *Id.* ¶ 2. While working for Plaintiff, Defendant used her Vermont home as her "base of operations." *Id.* During her work for Plaintiff, Defendant served Plaintiff's clients in Maine, Vermont, Massachusetts, and New York. Id. ¶ 3.

Plaintiff alleges that Defendant violated the employment termination agreement by failing to return documents related to her employment with Plaintiff, by refusing to cease business contacts with clients of Demont & Associates, and by misusing confidential and proprietary information belonging to Plaintiff. Complaint at 5 ¶ 17. In particular, during her employment with Demont & Associates, St. Joseph Parish in Burlington, Vermont was one of the clients for which Defendant did work. Second Berry Affidavit at 2 ¶ 3. While the Complaint is not strictly limited to Defendant's alleged continued contact with St. Joseph Parish, that is apparently the locus of the alleged continuing injury giving rise to this litigation. Complaint at 5 ¶ 17; First Berry Affidavit at 3 ¶ 4; First Affidavit of Robert D. Demont at 5 ¶ 11 (Docket No. 3).

■ The authority for a district court to transfer venue to another district is found at 28 U.S.C. § 1404(a), which states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." From the plain language of the statute, it is apparent that a transfer pursuant to 28 U.S.C. § 1404(a) lies with the discretion of the court. *Bayside En-*

---

**1.** Docket No. 7 has attached two affidavits of Defendant Anne Berry. Unfortunately, both are titled "Affidavit of Anne M. Berry." For the purposes of clarity, the Court will refer to the affidavit of September 25, 1999, as the "First Berry Affidavit," and the affidavit of October 4, 1999, will be referred to as the "Second Berry Affidavit."

terprises, Inc. v. Mattern's Hatchery, Inc., 741 F.Supp. 21, 22 (D.Me.1990). Some of the factors to be considered by a court in the exercise of this discretion include the convenience of the parties and witnesses, the order in which jurisdiction was obtained by the district court, the availability of documents, and the possibilities of consolidation. *Cianbro Corp. v. Curran-Lavoie, Inc.,* 814 F.2d 7, 11 (1st Cir.1987). No single factor, however, is determinative. "Wisely it has not been attempted to catalogue the circumstances which will justify or require grant or denial of transfer. Given the statutory standards the decision is left to the sound discretion of the trial judge." 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 3847, at 368 (2d ed.1986) (quoting *Brown v. Woodring,* 174 F.Supp. 640, 644 (D.Pa.1959)). *See also Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) ("Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.' " (citation omitted)).[2]

■ Defendant bears a substantial burden of demonstrating why there should be a change of forum here. *See Buckley v. McGraw-Hill, Inc.,* 762 F.Supp. 430 (D.N.H.1991). The evidence presented by Defendant must weigh heavily in favor of transfer before this Court will disturb Plaintiff's choice of this forum—especially since this forum is Plaintiff's home forum. *See Dunn v. Soo Line R.R. Co.,* 864 F.Supp. 64, 65 (N.D.Ill.1994) (citing *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255–56, 102 S.Ct. 252, 266, 70 L.Ed.2d 419 (1981)).

■ At its essence, Defendant's Motion concludes that transfer of this case is appropriate because the focus of this litigation is Vermont. Specifically, Defendant indicates that a vast majority of her activities on behalf of Plaintiff were conducted in Vermont. Furthermore, Defendant contends that any wrongdoing alleged in the Complaint necessarily took place in Vermont. From that, it follows, according to Defendant, that many of the witnesses likely to be called in this case reside in Vermont. Finally, Defendant contends that Vermont law will be applied to most of Plaintiff's claims. Taking all of these factors into consideration; Defendant concludes that a Vermont court is the "best" forum for this action and that Plaintiff would not suffer "unfair prejudice" as a result of such a change.

■ Defendant's suggestion that the ties between Maine and this litigation are "tenuous at best" is unpersuasive. In addition to the fact that Plaintiff is a Maine corporation, part of the negotiation of the contract at issue apparently took place in Maine. *See* Complaint, Exhibit A. Furthermore, the alleged trade secrets and proprietary information Plaintiff seeks to protect by this action are maintained in Maine. Robert Demont, presumably an important witness in this case, works and resides in Maine. Therefore, while this litigation may focus on activities in Vermont, the Court is satisfied that the nexus between this case and Maine is much more

---

**2.** In her briefs, Defendant relies heavily on cases that address the common law doctrine of *forum non conveniens,* as opposed to the application of 28 U.S.C. § 1404(a). *See, e.g., Nowak v. Tak How Investments, Ltd.,* 94 F.3d 708 (1st Cir.1996). As a technical matter, the doctrine and the statute are not interchangeable and do not address identical situations. However, the principals underlying both are often identical. *See Norwood v. Kirkpatrick,* 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955). By not strictly following the framework for the application of the *forum non conveniens* doctrine as set forth in *Nowak,* this Court does not intend to indicate that it has ignored any of the factors set forth by the Court of Appeals for the First Circuit relevant to the application of the doctrine in that case, to the extent that they are relevant to the application of the statute in this case.

than "tenuous." Defendant's conclusion that Plaintiff would not suffer unfair prejudice from a transfer is inapposite in light of the well-settled standard for the application of 28 U.S.C. § 1404(a). As for Defendant's argument that transfer is appropriate because Vermont law will apply to a majority of the claims,[3] this Court has previously held that the application of the law of another state is of no consequence when considering a motion to transfer under 28 U.S.C. § 1404(a). *Ashmore v. Northeast Petroleum Division of Cargill, Inc.,* 925 F.Supp. 36, 39 (D.Me.1996).

Having considered all of the arguments presented by Defendant, and weighing the relevant factors, the Court concludes that Defendant has not met her burden. Accordingly, a transfer is not appropriate. In particular, Defendant has failed to demonstrate sufficiently why this Court should disturb Plaintiff's selection of its home forum—especially in light of the deference the Court must give to Plaintiff's choice. While it would undoubtedly be more convenient for Defendant—and many of the witnesses—if this action were tried in Vermont, more is required before this Court will disturb Plaintiff's choice of this forum.

Accordingly, it is *ORDERED* that Defendant's Motion to Transfer Case to the District of Vermont be, and it is hereby, *DENIED.*

---

**3.** By deferring, for the consideration of this Motion, to Defendant's conclusion with respect to the choice of law in this case, the Court renders no decision as to which state's law will actually be applied to Plaintiff's claims.