**MULTIBENE INGREDIENTS OY LTD., Plaintiff,**

v.

**STURM FOODS INC., Defendant.**

**No. 09–CV–82–P–S.**

United States District Court,
D. Maine.

Sept. 30, 2009.

251

Robert H. Stier, Michael J. Sullivan, Sean L. Sweeney, Pierce Atwood LLP, Portland, ME, for Plaintiff.

David B. McConnell, Keith J. Dunlap, Perkins Thompson, PA, Portland, ME, Erin Ator Thomson, Stephen M. Hash, Vinson & Elkins LLP, Austin, TX, for Defendant.

## ORDER ON MOTION TO TRANSFER VENUE

GEORGE Z. SINGAL, District Judge.

Before the Court is Defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Docket # 17) through which Defendant seeks to have this action transferred to the United States District Court for the Eastern District of Wisconsin at Green Bay. Plaintiff opposes the Motion to Transfer Venue.

For the reasons explained below, the Court GRANTS the Motion.

## I. APPLICABLE LEGAL STANDARD

The authority for one district court to transfer an action to another district is found in 28 U.S.C. § 1404(a), which states: "For the convenience of parties and witnesses, in the interest of justice, a

district court may transfer any civil action to any other district or division where it might have been brought." [1] As the First Circuit has explained, "[t]he burden of proof rests with the party seeking transfer." *Coady v. Ashcraft & Gerel,* 223 F.3d 1, 11 (1st Cir.2000). The First Circuit has instructed that district courts considering transfer should consider not only the convenience of the parties and witnesses but also "the availability of documents; the possibility of consolidation; and the order in which the district court obtained jurisdiction." *Id.* Ultimately, the decision to transfer rests in the discretion of the court.

## II. FACTUAL BACKGROUND

Plaintiff Multibene Ingredients Oy Ltd. ("Multibene") is a Finnish corporation with its principal place of business in Espoo, Finland. Multibene is the assignee of United States Patent No. 6,136,349 ("the '349 patent") which relates to food seasonings, ingredients, and compositions treated with a combination of plant sterols and minerals. Defendant Sturm Foods, Inc. ("Sturm") is a Wisconsin corporation with its principal place of business in Manawa, Wisconsin. Sturm manufactures Village Farm Whole Grain Oatmeal products, which Plaintiff alleges infringe the '349 patent.

Sturm's only offices and facilities, as well as all of its employees, are located in Manawa. Village Farm oatmeal is produced at Sturm's facility in Manawa. Sturm obtains the ingredients used in its Village Farm oatmeal principally from suppliers in Minnesota, Illinois, Iowa, and Ohio; none of the ingredients are produced in or purchased from entities in Maine. Sturm sells Village Farm oatmeal to suppliers, who then sell it to consumers in all fifty states, including Maine.

Multibene has no facilities in the United States. Multibene has licensed the '349 patent to one United States entity, General Mills, which is located in Minneapolis, Minnesota.

## III. DISCUSSION

In its Motion to Change Venue, Defendant argues that transfer is appropriate based on the convenience of the parties and witnesses. Defendant highlights the fact that all of its witnesses and documents, as well as many of the potentially relevant third-parties, are located in the Midwest. Defendant also points to the lack of connection between the subject matter of this case and Maine as a significant factor in the transfer analysis. Plaintiff objects to Defendant's attempt to have this action transferred and urges the Court to keep the case in the District of Maine. Plaintiff argues that its choice of venue is entitled to deference and that granting the instant Motion would merely shift the inconvenience from Defendant to Plaintiff.

In determining whether to grant a motion to change venue pursuant to 28 U.S.C. § 1404(a), the Court must consider the convenience of parties and witnesses as well as the location and availability of the relevant documents.[2] *See Coady,* 223

---

1. Neither party disputes that the instant action could have been brought in the Eastern District of Wisconsin at Green Bay. *See* 28 U.S.C. § 1400(b) ("Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place

of business."); 28 U.S.C. § 1391(c) (a corporation is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.")

2. When applicable, the Court is also to consider the order in which jurisdiction was obtained by the district court and the possibility

F.3d at 11. The fact that a prompt trial may be available in one forum but not the other is also a relevant consideration. *See Ashmore v. Ne. Petroleum Div. of Cargill, Inc.*, 925 F.Supp. 36, 39 (D.Me.1996).

■ The Court finds that convenience of the parties and witnesses weighs in favor of transfer. While it may be marginally more convenient for Plaintiff's representatives to travel from Finland to Portland, Maine rather than Green Bay, Wisconsin, the difference is slight considering the distance they will be travelling regardless of whether the case is transferred. *See Bionx Implants, Inc. v. Biomet, Inc.*, No. 99 Civ. 740, 1999 WL 342306, at *3 (S.D.N.Y. May 27, 1999) (holding that witnesses travelling from Finland were no more inconvenienced by having to travel to Indiana than to New York). On the other hand, Defendant is a short commute from Green Bay but several hundred miles from Portland.

Significantly, the Eastern District of Wisconsin is also a more convenient forum for many of the potential witnesses. *See Boateng v. Gen. Dynamics Corp.*, 460 F.Supp.2d 270, 275 (D.Mass.2006) (noting that "convenience of expected witnesses is probably the most important factor" in ruling on a § 1404(a) motion). Plaintiff contends that its witnesses will be travelling from overseas and that travel to Portland is more convenient than Green Bay. As with the parties, however, the Court finds that the increased inconvenience in travelling from overseas to Wisconsin rather than Maine is negligible. Defendant has shown that its potential witnesses are

either located in Wisconsin or will be travelling from nearby states such as Illinois and Minnesota. There is no evidence that any potential witnesses are located in Maine, or even more generally, in the Northeast. For obvious reasons, it would be more convenient for the majority of the potential witnesses if the case was tried in Wisconsin rather than Maine. This factor weighs heavily in favor of transfer. *See In re Genentech*, 566 F.3d 1338, 1345 (Fed. Cir.2009) (where no witnesses were located in transferor district and a significant number of witnesses were located in transferee district, it was error to deny the motion to change venue).

The location of the documents also weighs in favor of transfer. "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location."[3] *Millennium, L.P. v. Hyland Software, Inc.*, No. 03 Civ. 3900(DC), 2003 WL 22928644, at *4 (S.D.N.Y. Dec.10, 2003). As the alleged infringer, it is significant that all of Defendant's documents are located in Wisconsin. It is also significant that there is no evidence showing that any of the relevant documents are located in Maine.

■ Plaintiff contends that the convenience of the parties and witnesses and the location of the relevant documents should not override the presumption given to its choice of venue. Plaintiff urges the Court to follow the same reasoning it employed

---

of consolidation. *Coady*, 223 F.3d at 11. As there is no related lawsuit in this instance, these factors are inapplicable.

3. While this factor has become less significant with the increase of electronically-based data storage systems, it still must be given weight by the Court as the First Circuit has not held

otherwise. *See Coady*, 223 F.3d at 11; *Sloan v. Pfizer, Inc.*, No. C 08–1849 SBA, 2008 WL 4167083, at *5 (N.D.Cal. Sept. 8, 2008) (although location of documents alone may not warrant transfer, where other factors weigh in favor of transfer, it can be an important factor).

in *Ergo Licensing, LLC v. Cardinal Health, Inc.,* where the Court denied a motion to change venue in a similar patent case. *See id.,* Civil No. 08–259–P–S, 2009 WL 2021926, at *9 (D.Me. July 13, 2009). The Court finds this case easily distinguishable from *Ergo Licensing,* however, because there the plaintiff was a Maine corporation. A plaintiff's choice to file suit in its home forum is entitled to deference because there is a presumption that the home forum is convenient. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 256, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981) ("When the home forum has been chosen, it is reasonable to assume that this choice is convenient."). The fact that the plaintiff had brought suit in its "home forum" was the overriding consideration in *Ergo Licensing. See id.* (holding that defendant had not "carried its 'significant burden'" of overcoming the deference given to the plaintiff's choice of forum based on the fact that the plaintiff had brought suit in its "home forum").

In the instant matter, Plaintiff is a foreign corporation with admittedly no significant ties to Maine. Thus, its choice of forum is not entitled to the same deference as the plaintiff in *Ergo Licensing.*[4] *See Piper,* 454 U.S. at 256, 102 S.Ct. 252. The Supreme Court has held that a foreign plaintiff's choice of venue "deserves less deference" than does a non-foreign plaintiff's choice to file suit in its home jurisdiction because it is less reasonable to assume that the chosen forum is convenient. *Id.*

■ If a foreign plaintiff can make a "strong showing of convenience" with respect to its chosen forum, its decision may be entitled to deference. *See Lony v. E.I. DuPont Nemours & Co.,* 886 F.2d 628, 634 (3rd Cir.1989) ("Because the reason for giving a foreign plaintiff's choice less deference is not xenophobia, but merely a reluctance to assume that the choice is a convenient one, that reluctance can readily be overcome by a strong showing of convenience."). Plaintiff attempts to establish that the District of Maine is a convenient forum by arguing: (1) the Finnish business day overlaps by one hour with the Eastern Time Zone thereby more easily facilitating communication; (2) Portland is an easy commute from Boston, which is an international gateway for travel from Finland; and (3) the efficiency of this Court's docket will likely result in a more speedy resolution of the case.

The Court finds that these arguments do not amount to a "strong showing of convenience." The lack of overlap between the Central Time Zone and the Finnish business day is not a significant burden, especially considering the fact that Plaintiff's counsel is located in the Eastern Time Zone and the majority of the necessary communication will be between Plaintiff and its counsel rather than Plaintiff and the court. Moreover, this argument

---

4. Plaintiff contends that the First Circuit has not adopted the rule that a foreign plaintiff's choice of venue is entitled to less deference. (Pl.'s Opposition to Def.'s Mot. to Transfer Venue (Docket # 20) p. 1.) However, the fact that the First Circuit may not have directly addressed this issue is not significant because the Supreme Court has ruled that foreign plaintiff's choice of venue is entitled to less deference. *See McGinley v. Houston,* 361 F.3d 1328, 1331 (11th Cir.2004) ("a decision by the Supreme Court binds all circuit and district courts."). Although *Piper Aircraft* was a forum non conveniens case, the reasoning of the Supreme Court is persuasive in this case because § 1404(a) is simply a codification of the common law doctrine of forum non conveniens. *See Albion v. YMCA Camp Letts,* 171 F.3d 1, 2 (1st Cir.1999) ("Section 1404(a) is a codification of the doctrine of forum non conveniens."). Moreover, courts regularly apply *Piper Aircraft* in the § 1404(a) context. *See, e.g., Wm. H. McGee & Co., Inc. v. United Arab Shipping Co.,* 6 F.Supp.2d 283, 290 (D.N.J.1997).

fails to establish that the District of Maine is any more convenient than any other district located in the Eastern Time Zone. With regard to Portland's proximity to Boston, the Court has already held that any additional inconvenience in travelling from Finland to Wisconsin is negligible. While the Court notes that this action may take longer to resolve in the Eastern District of Wisconsin, this fact alone does not justify keeping the case in this District, especially considering the fact there is no connection between the instant action and Maine. *See Dupre v. Spanier Marine Corp.,* 810 F.Supp. 823, 828 (S.D.Tex.1993) (noting that the court "cannot allow actions that possess virtually no responsible connection with the Southern District of Texas to remain on its docket" where the plaintiff's main reason for bringing the case in the district was the district's "reputation for quickly resolving personal injury cases").

Quite simply, this is not a case where the Court is weighing two similarly situated and equally convenient (or inconvenient) forums. Plaintiff has failed to show that the state of Maine has any interest in the outcome of this litigation. The only connection to Maine is that the allegedly infringing product has been sold here, a fact which carries little weight in the analysis. *See Coloplast A/S v. Amoena Corp.,* No. 92 Civ. 3432(MBM), 1992 WL 346359, at *2 (S.D.N.Y. Nov. 18, 1992) ("[S]ales alone are not enough to establish a material connection to the forum if, as is true here, defendant's goods are sold in many states"). There are no parties in Maine, no witnesses in Maine, and no relevant documents located in Maine. Transferring this action will not simply shift the burden from one party to the other. If the case is transferred, the burden on Defendant will be eliminated, while the hardship of travel on Plaintiff will be only marginally increased. The fact that this district is one of the more efficient does not outweigh all of the other considerations.

## IV. CONCLUSION

Because the Court is not compelled by Plaintiff's reasons as to why the District of Maine is a convenient forum, Plaintiff's choice of forum is not entitled to significant deference. While Defendant still has the burden to show that transfer is warranted in this case, its burden is significantly diminished. The Court finds that Defendant has met its burden of showing that transferring this case to the U.S. District Court for the Eastern District of Wisconsin would serve the interest of justice and the convenience of the parties and witnesses. For this reason, the Motion to Transfer Venue (Docket # 17) is GRANTED. The Clerk shall transmit the record to the clerk for the Eastern District of Wisconsin at Green Bay.

SO ORDERED.